Deaderick, J.,
delivered the opinion of the Court.
On the 8th of f)ecember,_ 1859, the plaintiff obtained in this Court a judgment against George W. Christian and Jefferson D. Goodpasture, for $2,389.60, and $28.48 costs. On the 6th of December, 1859, plaintiff also obtained in this Court a judgment against David Graham, Jesse Arledge, and Wm. E. B. Jones, for $2,387.10, and $28.61 costs. On the 10th of February, 1860, executions were issued upon said judgments, and came to defendant’s hands, as Sheriff of Overton county, on the 9th of May, *429 1860. The Sheriff having failed to make return of said executions, the plaintiff entered liis motion on the 6th of December, 1866, in this Court, for judgment against him for' failure to make due and proper return of said executions; for false and insufficient return thereof, and for failure to pay over money collected on said executions, no return of said executions having been made.
This Court has the jurisdiction, as necessarily incident to its appellate jurisdiction, to render judgment, upon motion, against the Sheriff, for default, in the discharge of his duty to make due and proper return of such executions to this Court. Both of said judgments were rendered upon the same cause of action. The defendants were all jointly sued upon a bill of exchange in the Circuit Court of Overton county, part of them appealing at one time, and part at another, so that, although plaintiff has two judgments, it is entitled to but one satisfaction.
From the evidence, it appears that before any motion was entered in this casé, George W. Christian, a defendant in one of the executions, paid to the attorney of the Bank, $75; and that he also paid the President of the Bank, on the 9th of June, 1863, $2,571. These two sums should be deducted from the amount due upon either of the executions, at the election of the plaintiff; and the motion for judgment for the default of the Sheriff as to the other execution will be discharged and disallowed, except as to costs incident thereto and judgment will be rendered here against the defendant for the balance found due upon the execution, for the non-return of which the plaintiff may elect to prosecute his motion against the defendant, and interest thereon up to the rendition of said *430 judgment, and for 12J per cent, damages upon this aggregate sum, and the costs upon both the judgments in this court.
This we hold to be the true construction of section 3594 of the Code, authorizing a judgment against a Sheriff for his failure to make a due and proper return of an execution placed in- his hands for collection. The provision of that section is, that “judgment by motion may be had against any Sheriff, to whom an execution is directed, and by him received, for the amount due upon such execution, and 12J per cent, damages” for failure to return, etc.
In the cases of Young v. Donalson, and Dunnaway v. Collier,[1] decided at the present term of this Court, it has been held that the 12J per cent, damages given, are to be computed upon the amount due upon the execution at the time of the rendition of the judgment.
The judgment will be entered in conformity to this opinion.

 Ante, 52, 10.