[No. 1128.]

JANE LAKE, APPELLANT, *v.* M. C. LAKE, RESPONDENT.

ACTION OF DIVORCE—APPEAL FROM PART OF JUDGMENT, WHEN MAY BE TAKEN. —The court granted a decree of divorce with alimony of one hundred and fifty dollars per month in favor of the plaintiff, and decreed the property, in controversy to be the separate property of defendant. An appeal was taken by plaintiff from the portion of the decree "respecting the property rights of the respective parties:" *Held,* that the appeal was properly taken from a part of the judgment.

IDEM—ALLOWANCE OF COUNSEL FEES BY SUPREME COURT.—*Held,* that the supreme court had jurisdiction, upon appeal, to make an allowance of counsel fees to appellant, so as to enable her to properly present her case by counsel in the supreme court. (*Lake* v. *Lake,* 16 Nev. 364, affirmed.)

IDEM—MATTER INCLUDED IN THE ACTION. (1 COMP. L. 1407)—In construing section 1407 of the compiled laws: *Held,* that this section does not give jurisdiction to the district court to matters affecting the appellate court; that it refers solely to matters incident to the district court.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*C. S. Varian,* for Appellant:

I. The appeal in this case was properly taken. The statute contemplates an appeal from the judgment or some specific part thereof. (1 Comp. L. 1392.)

II. The right to sustain the wife, pending the litigation, is not dependent upon a statute. (2 Bish. M. & D. secs. 392, 386, 413; *McGee* v. *McGee,* 10 Ga. 481, *et seq.; Wood* v. *Wood,* 2 Paige Ch. 108.) Under similar constitutional and statutory provisions the courts of Michigan and Wisconsin have exercised jurisdiction. (1 Comp. L. Mich. p. 58; 2 Id. p. 955, sec. 3234; Id. p. 1031, sec. 3598; *Goldsmith* v. *Goldsmith,* 6 Mich. 286; *Chaffee* v. *Chaffee,* 14 Id. 463; *Zeigenfuss* v. *Zeigenfuss,* 21 Id. 414; Rev. Stat. Wis. 1878, sec. 3066; Const. sec. 3, art. VII. same vol. p. 25; *Phillips* v. *Phillips,* 27 Wis. 255; *Weishaupt* v. *Weishaupt,* 27 Id. 625; *Moe* v. *Moe,* 39 Id. 313; *Jenkins* v. *Jenkins,* 91 Ill. 167; *Anonymous Case,* 15 Abb. Pr. N. S. 307; *Melizet* v. *Melizet,* 1 Pars. Cas. 78; *Butler* v. *Butler,* Id. 329; *Lake* v. *Lake,* 16 Nev. 365.) The jurisdiction contemplated by the constitution is as to cases in law and equity. It has no reference to incidental matters connected with a case lawfully in court. In the case at bar the action has terminated in the lower court. The judgment is final and all jurisdiction is gone. (1 Comp. L. 1208; *Ford* v. *Thompson,* 19 Cal. 119; *Thornton* v. *Mahoney,* 24 Id. 584.)

*Robert M. Clarke* and *Trenmor Coffin,* for Respondent:

I. The granting of the order in question involves the exercise of original jurisdiction, and the court has no original jurisdiction in the premises.

1. The motion herein was never presented in the district court. The matters for determination arise upon proceedings instituted in this court which were never heard before. New issues of fact and law are presented for decision. Process must be issued, evidence taken and ultimate facts found; in

short, all the functions of a *nisi prius* court must be exercised.

2. The granting of the relief demanded is not an incident to the appeal. New facts, both legal and evidentiary, not embraced in the record on appeal, are involved.

3. The court has possession of the case, and nothing is necessary to be done to complete its control or put it in possession of the appeal. The payment of counsel fees is not a thing necessary to the jurisdiction of the court. The jurisdiction is complete without it.

II. The jurisdiction of the supreme court in the matter in question is not original, but is strictly appellate. (Const. of Nev., art. VI., sec. 4; 1 Comp. L. 215; *People ex rel. Atty. Gen.,* 1 Cal. 86; *People* v. *Turner,* 1 Cal. 143; *Appeal of Houghton,* 42 Cal. 35–36; *Reilly* v. *Reilly,* Pac. C. L. J., July, '82, 615.)

1. The jurisdiction of the supreme court is defined and limited by the constitution of this state. The court has no jurisdiction except it be granted by the constitution. (*People ex rel. Atty. Gen.,* 1 Cal. 86; *People* v. *Turner,* 1 Cal. 143; *Appeal of Houghton,* 42 Cal. 35; Const. Nev., art. VI., sec. 4.) The legislature has not attempted to enlarge the jurisdiction conferred by the constitution. (1 Comp. Laws, 914, 16.)

2. The district court has jurisdiction of the subject matter, and has authority to grant the relief demanded. (1 Comp. L. 220; *Wilde* v. *Wilde,* 2 Nev. 306; *Lake* v. *Lake,* 16 Nev. 363; *Reilly* v. *Reilly, supra.*)

3. This court cannot have original and appellate jurisdiction of the question.

4. The original jurisdiction cannot exist in the district and supreme courts of the same question at the same time. Plaintiff could and should have made her application in the district court before the appeal was taken.

5. As the constitution defines the cases in which this court may exercise original jurisdiction, and as this case is not within such definition by necessary implication, the jurisdiction is denied. The grant of power in particular cases excludes the power in cases not mentioned.

III. The appeal is insufficient to vest the court with juris-

diction of the case.   The motion for a new trial applies only to a part of the decision, and the appeal is only from a part of an entire judgment.   A new trial is a re-examination of the whole case.   It operates to vacate the decision of the court below.   (1 Comp. Laws, 1256.)   An appeal must be taken from the whole judgment, and cannot be taken from a part only.   (1 C. L. 1388, 1400.)

By the Court, LEONARD, C. J.:

Appellant brought this suit for divorce, for division of alleged common property, and other relief.   The court granted the divorce prayed for by appellant, together with alimony for her support and maintenance, in the sum of one hundred and fifty dollars per month, but held and decreed the property in question to be the separate property of respondent.

Being dissatisfied with that part of the decree disposing of the property, appellant moved the court for "a new trial of the issues made by the complaint and answer in said action respecting the property and property rights of the respective parties to said action."

That motion was overruled by the court, and she appealed from the order overruling the same, and "from that part of the judgment made and entered in said action   *   *   * affecting the questions of alimony and the property rights of the parties to said action."

To enable her to prosecute the appeal, appellant applied to this court for an order directing respondent to pay to her counsel or to the clerk of the court such sums as might be found necessary to discharge the costs and expenses of appeal, and such further sums as counsel fees as might be deemed reasonable, not exceeding the sum of five thousand dollars.

This motion is based upon appellant's affidavit, wherein, among other things, it is averred that "she is absolutely without means or credit whereby to compensate counsel in this court, or to discharge the costs and expenses of the clerk and printer, as provided by law and the rules of the court, and is unable to secure the services of counsel."   She further avers that she desires to retain the services of the attorneys who

conducted her case in the district court, and who are familiar
with its history, and that respondent is able to pay all costs
and charges.

Subsequent to the filing of appellant's affidavit and notice
of motion, counsel for respondent consented, without opposi-
tion, to pay to the clerk of this court an amount sufficient to
defray the necessary costs of court and expenses of printing,
which was done accordingly.

But objection is made to the granting of an order for attor-
neys' fees, upon the ground that the court has no jurisdiction
to make it:

First—Because there is no valid appeal.

Second—Because the granting of the order would be the
exercise of original jurisdiction in a case where, under the
constitution, the court has only appellate jurisdiction.

These objections will be considered in the order stated.

1. The objections urged to the validity of the appeal are
that the motion for a new trial applied to a *part* of the decision
only, and that the appeal is from an order overruling a motion
for new trial as to that part, and not the whole, and from a
part only of an entire judgment.

In considering the questions here presented certain addi-
tional facts should be stated.

The record shows that, of the issues made by the pleadings,
those relating to the custody of the child and the disposition
of the property, were by consent of both parties, withdrawn
from the consideration of the jury at the trial, and reserved
for the future consideration and determination of the court,
should it be decided that the plaintiff was entitled to a divorce;
that a divorce was granted, and that subsequently the court,
sitting without a jury, tried the issues relating to the custody
of the child and the disposition of the property.

The result is that the decree was in favor of appellant as to
the divorce and custody of the child, but against her as to the
disposition of the property.

It is urged by counsel for respondent that a new trial is a
re-examination of the *whole* case; that it could not have been
granted in this case upon the question of property rights
alone; that a motion to retry the issues made upon that ques-

tion only was a nullity, and, consequently, that there was, and could have been, no error in overruling the motion made.

It is also claimed that an appeal from a judgment or decree must be taken from the whole thereof, and cannot be taken from any specific part.

We deem it unnecessary to decide whether or not, in moving for a new trial, the motion must in all cases request a new trial upon all the issues made.

If appellant had the right to appeal from that part of the judgment alone which disposed of the property, then we have a valid appeal; and in that case it matters not whether the appeal is taken from such part of the judgment only, or from that part and the order overruling a motion for new trial.

If there is a valid appeal, whether from a part of the judgment or from that and the order denying a new trial upon a portion of the issues made, then the only question which we are now called upon to decide is fully presented; that is to say, whether or not this court has jurisdiction to make an order requiring respondent to pay reasonable counsel fees for prosecuting the appeal.

That appellant had the right to appeal from a specific part of the whole judgment, the portion against her, without disturbing the other portions in her favor, we have no doubt.

"A judgment is the final determination of the rights of the parties in the action or proceeding." (Comp. L. 1208.)

Several distinct causes of action may be united in the same complaint. (Comp. L. 1127.)

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each as between themselves." (Comp. L. 1209.)

In *Lake* v. *Lake*, 16 Nev. 216, the question was, whether, after decree dissolving the bonds of matrimony, but before trial of the issues touching a disposition of the alleged common property and the custody of the child, there was such a final judgment as permitted an appeal from certain orders for the payment of alimony and counsel fees, made after granting the divorce, but before trial of the issues concerning property rights and the custody of the child.

For that purpose we held that the decree of divorce was not a final judgment. We said: "By stipulation, the issues in the divorce suit were only tried and settled in part, and the remainder were reserved for future action."

"The orders complained of are not included among those from which an appeal may be taken before final judgment. If an appeal lies from these orders, it is because they are special orders, made after final judgment."

It is the policy of the law governing appeals, unless otherwise expressly stated, that all orders made in the course of trial shall be reviewed on appeal from the judgment. Otherwise there would be no end to appeals. Provision is made for appeal from orders made after final judgment, because there is no other way of appealing therefrom.

The special orders that may be appealed from after final judgment, are those made subsequent to the rendition of the judgment, of which a copy must be made a part of the judgment roll. (Comp. L. 1266-7-8.)

The judgment roll is not made up until final disposition of all the issues.

And the final judgment from which an appeal may be taken is, doubtless, that final determination of the rights of the parties in the action, or some specific part thereof, which must be entered in the judgment book, and a copy of which must be put in the judgment roll, together with the original pleadings in the action.

It follows that an appeal cannot be taken from a judgment, or any portion of it, until all the rights of the parties in the action are determined and fixed.

But it does not follow that the appellant must, in every case, appeal from the whole judgment—from separate and independent determinations in his favor, as well as those against him.

At common law every judgment was composed of an entirety of adjudication. No *part* of it was properly called a judgment, nor could anything less than the entirety be objected to on appeal or otherwise. But the code has modified the common law in this and other respects. We can unite many causes of action which, before the code, could not have been united,

because, under our practice, dissimilar judgments may be pronounced in the same action.

For instance, in an action upon two promissory notes, "the final determination of the rights of the parties in the action may comprise a judgment in favor of the plaintiff upon one, and against him, and in favor of the defendant upon the other."

The statute provides that an appeal may be taken from a final judgment. It also provides that "the appeal shall be made by filing with the clerk of the court, with whom the judgment or order appealed from is entered, a notice stating the appeal from the same, *or some specific part thereof*, and serving a copy of the notice upon the adverse party or his attorney." (Comp. L. 1392.)

And section 1400 provides that, "upon an appeal from a judgment or order, the appellate court may reverse, affirm or modify the judgment or order appealed from, in the respect mentioned in the notice of appeal, and as to any or all of the parties."

These sections must be construed together, and we entertain no doubt that the legislative intent was, in a proper case, to permit an appeal from a specific part of a final judgment.

This conclusion is supported also by decisions rendered upon statutes like ours. (*Story* v. *The New York and Harlem R. Co.*, 6 N. Y. 89; *Bennetts* v. *Van Syckel*, 18 N. Y. 481; *Murphy* v. *Spaulding*, 46 N. Y. 556. See, also, *Kelsey* v. *Western*, 2 Comst. 504; *Sandy* v. *Codwise*, 4 Johns. 601.)

That this is a proper case for an appeal from a specific part of a judgment, see *Story* v. *N. Y. and H. R. Co.*, and *Murphy* v. *Spaulding*, *supra*.

We are now brought to the second ground of the objection to this application, which is, that the granting of the order would be the exercise of original jurisdiction.

Our constitution declares that "the supreme court shall have appellate jurisdiction in all cases in equity; also, in all cases in law in which is involved the title or right of possession to, or the possession of real estate or mining claims, or the legality of any tax, impost, assessment, toll or municipal fine, or in which the demand (exclusive of interest) or the

value of the property in controversy exceeds three hundred dollars; also, in all other civil cases not included in the general subdivision of law and equity.   *   *   *

The court shall also have power to issue writs of mandamus, certiorari, prohibition, quo warranto and habeas corpus, and also all writs necessary or proper to the complete exercise of its appellate jurisdiction." (Const., art. VI., sec. 4.)

It is settled that affirmative words in a constitution, that courts shall have the jurisdiction stated, naturally include a negative that they shall have no other. (*Marbury* v. *Madison*, 1 Cranch 137.)

And in *Osborn* v. *The Bank of the United States*, 9 Wheat. 738, the court defined the meaning of the word "cases," as used in the second section of the third article of the constitution of the United States, wherein it is declared that "the judicial power shall extend to all cases in law and equity." The conclusion to which the court came is that a "case," within the meaning of the constitution, is a subject on which the judicial power is capable of acting, and which has been submitted to it be a party in the forms required by law.

Before considering this application, then, we must be satisfied that, in so doing, we are exercising the appellate jurisdiction which in this case the court possesses under the constitution.

In *Lake* v. *Lake*, 16 Nev. 363, we said: "No statutory provision authorizes an allowance for counsel fees in this court. But such right has been exercised by courts of similar jurisdiction in conformity with the decisions of the ecclesiastical courts of England. (*Goldsmith* v. *Goldsmith* and *Phillips* v. *Phillips, supra.*)

The exercise of such authority is based upon the presumption that jurisdiction in divorce cases carries with it, by implication, the incidental power to make such allowances. The power is indispensable to the proper exercise of jurisdiction in guarding the rights of wives."

Did we err in our conclusions in that case ?

A re-examination of the questions involved has convinced us that we did not. It is admitted by counsel for respondent that, before perfecting the appeal, appellant could have applied

for, and received, in the district court, suit money necessary for prosecuting the appeal; but, as before stated, it is claimed that this court cannot consider the application because, in so doing, it would exercise original and not appellate jurisdiction. It is not asserted that this court cannot make any proper order in the premises, if such a proceeding would be an exercise of appellate jurisdiction.

Bishop says: '' Though the common course is to make this allowance whenever the case is ripe for it  *  *  *  yet it is equally proper, on specific application for it, at any stage of the proceeding, whether before or after verdict or appeal.'' (Bishop on Marriage and Divorce, vol. 2, sec. 393, and authorities there cited.)

There being no statutory provision empowering this court to make the order sought, can the power be implied from the section of the constitution quoted ?

Says the court in *Field* v. *The People*, 2 Scam. 83 : '' That other powers than those expressly granted may be, and often are, conferred by implication, is too well settled to be doubted. Under every constitution the doctrine of implication must be resorted to, in order to carry out the general grants of power. A constitution cannot, from its very nature, enter into a minute specification of all the minor powers naturally and obviously included in, and flowing from, the great and important ones which are expressly granted. It is, therefore, established as a general rule that when a constitution gives general power, or enjoins a duty, it also gives, by implication, every particular power necessary for the exercise of the one or the performance of the other. The implication under this rule, however, must be a necessary, not a conjectural or argumentative one. And it is further modified by another rule, that where the means for the exercise of a granted power are given, no other or different means can be implied as being more effectual or convenient.''

*Marbury* v. *Madison*, 1 Cranch 153, was an application for a writ of mandamus to compel respondent, then secretary of state of the United States, to deliver to the applicant his commission as a justice of the peace of the District of Columbia.

The constitution of the United States provided as follows :

" The supreme court shall have original jurisdiction in all cases affecting embassadors, other public ministers and consuls, and those in which a state may be a party. In all other cases the supreme court shall have appellate jurisdiction."

But by the judiciary act of 1789 congress had authorized the supreme court "to issue writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed or persons holding office under the authority of the United States."

It was objected by the secretary of state that the law was unconstitutional, because it attempted to confer original jurisdiction in cases not allowed by the constitution; that the issuance of the writ of mandamus in that case was the exercise of original, and not appellate, jurisdiction. In discussing the question, the court said: "To enable this court, then, to issue a mandamus it must be shown to be an exercise of appellate jurisdiction, or to be necessary to enable them to exercise appellate jurisdiction. It is the essential criterion of appellate jurisdiction that it revises and corrects the proceedings in a cause already instituted, and does not create that cause. Although, therefore, a mandamus may be directed to a court, yet to issue such a writ to an officer for the delivery of a paper is, in effect, the same as to sustain an original action for the paper, and, therefore, seems not to belong to appellate jurisdiction. Neither is it necessary in such a case as this to enable the court to exercise its appellate jurisdiction." (See, also, *Ex parte Crane,* 5 Pet. 191, and *Stafford* v. *Union Bank,* 17 Howard, U. S. 275.)

The constitution of Tennessee provides that "the jurisdiction of the supreme court shall be appellate only under such restrictions and regulations as may from time to time be prescribed by law," and in *State* v. *Elmore,* 6 Cold. 531, the court said: "We are satisfied this court has jurisdiction to issue mandamus to judges of inferior courts whenever the matter in reference to which the exercise of this jurisdiction is sought is of such character as to call for an exercise of this power in order to carry out and perfect its appellate jurisdiction."

In *Mitcheson's Administrator* v. *Foster,* 3 Met., Ky., 325,

a motion was made in the supreme court for judgment against the sheriff for the amount of an execution and thirty per cent. damages thereon, for failing to return it to the office of the clerk of the supreme court, whence it issued, at the time required by law. The court said: * * * "The plaintiff is, therefore, clearly entitled to a judgment, provided this court has jurisdiction of the motion. 'The court of appeals shall have appellate jurisdiction only, which may be co-extensive with the state, under such restrictions and regulations, not repugnant to this constitution, as may from time to time be prescribed by law.' (Const. sec. 2, art. IV.) This grant of appellate jurisdiction necessarily implies the grant of all powers necessary to the proper and complete exercise of such jurisdiction." Judgment was given as prayed for. (See, also, *Bank of Tenn.* v. *Cannon,* 2 Heisk. 429; 12 Heisk. 53; *Le Barron* v. *Le Barron,* 35 Vt. 366, 369.)

In *Hill* v. *Finnigan,* 54 Cal. 495, it is said: "But the statute does not treat of undertakings in the supreme court, and we have no doubt but this court has an inherent power to secure to the appellant the fruits of a successful appeal, if it can be done without depriving the respondent of a substantial right."

Rule XI. of this court requires the appellant, at least six days before the argument, to furnish to the respondent a printed copy of his points and authorities, and at the argument the court may order printed briefs to be filed by counsel for the respective parties within such time as may be fixed.

The statute also requires each party to furnish to the other and to each of the justices a copy of his points and authorities. (C. L. 1411.)

In *Edmondson* v. *Alameda County,* 24 Cal. 349, the case was submitted without oral argument. Each party had ten days in which to file briefs, but none were filed.

The court said: "This court will not perform the duties of counsel; it will not examine the record to see if it can find any errors upon which to reverse a judgment. If the appellant's counsel does not choose, in some form, to call the attention of the court to the points, provisions of the statute and

the authorities upon which he relies, the judgment will be affirmed." The same doctrine has since been adhered to in that court. (*Hutton* v. *Reed*, 25 Cal. 481, and other cases.)

The same rule has also been followed by this court. (*Fulton* v. *Day*, 8 Nev. 81; *Finlayson* v. *Montgomery*, 14 Nev. 397.)

The law gives appellant in this case the right to appeal from that part of the judgment disposing of the property, and accords to her every privilege granted to other litigants in this court. Upon her rests the burden of showing error in the court below. Among all the rights to which she is entitled, there is no one more important to her and the court, than that of having the aid of counsel learned in the law and acquainted with her case. Without such aid the court must perform the double and inconsistent functions of court and counsel, or she, with no knowledge of the principles, or experience in the practice of the law, must cope with counsel of ability in a profession which, most of all, requires a familiarity with all knowledge, and most of all offers success to him who knows best how to put in practical use the knowledge he possesses.

Without counsel the statute of the state and rules of the court cannot be complied with.

Without them the good order and well-being of the court would be disturbed, and it would be deprived of one of the usual, proper and necessary means of exercising its appellate jurisdiction.

We are referred to *Reilly* v. *Reilly*, decided in department No. 2 of the supreme court of California (Pacific Law Jour., vol. 9, No. 19, p. 615) as an authority in favor of respondent. The case is to be heard before the court in banc.

Section 1407, C. L., provides as follows: "Whenever an appeal is perfected, as provided by the preceding sections in this chapter, it shall stay all further proceedings in the court below upon the judgment or order appealed from or upon matter embraced therein; but the court below may proceed upon any other matter included in the action not affected by the judgment or order appealed from."

Upon a similar statute in California, it was decided in *Reilly* v. *Reilly* that the superior court had jurisdiction, after

appeal, over the matter of counsel fees in the supreme court, because it was included in the action and not affected by the judgment appealed from.

We shall not stop to consider whether the mere granting of this authority to the court below, even though the construction given to section 1407 in *Reilly* v. *Reilly* is correct, ousts this court of its pre-existent, incidental authority, in proper cases, to make allowances for costs and attorneys' fees on appeal in divorce cases.

We are satisfied the construction there given is not correct.

It must be kept in mind that the "matter" upon which the court may proceed is that which is in the case after final judgment—after all the issues have been tried—after the judgment roll has been made up, when no further proceedings are required, except such as affect the judgment entered and of record. Nor even then are further proceedings allowed upon the judgment or order appealed from, the execution of which has been stayed. If the entire judgment and all the orders made at the trial are appealed from, and the execution thereof is stayed, then no further proceedings can be had in the court below. In other words, it is plain to us that the portion of section 1407 relied on as authority for the action of the district court in making the order after appeal, refers to proceedings affecting the judgment already rendered, or some order made at the trial, from which an appeal has not been taken and the execution of which has not been stayed.

As to any part of the judgment unaffected by the appeal perfected by stay of execution, it was intended to allow the court to proceed as though no appeal had been taken. It may enforce the judgment by all lawful proceedings, if there is no appeal and no stay.

We do not think the grant of power to proceed " upon any other matter included in the action and not affected by the judgment or order appealed from," authorizes the court below to do what it can not do if no appeal is taken, and, as before stated, if there is no appeal, the trial court, after final judgment, is confined to proceedings affecting the judgment already pronounced.

The legislature did not intend to extend the jurisdiction of

the district court to matters affecting the appellate court alone. The statute refers solely to matters incident to the district court. So far as that court is concerned, to which alone the statute applies, it cannot in any proper sense be said that the power to order payment of counsel fees and costs *in the* court—in another jurisdiction—is a "matter included in this action." To provide for the exercise of this court's jurisdiction is not one of the duties of that court, unless plainly made so by law.

The objections to hearing the motion are overruled.

BELKNAP, J., concurring:

I concur in the judgment. I do not think a construction of section 1407 involved, and decline to express an opinion upon it.