## RICHARD A. KORBEL, Appellant, v. ANGELINA J. KORBEL, Respondent.

### No. 15491

March 11, 1985                  696 P.2d 993

*Albert D. Massi, Ltd.,* and *Allen Cap,* Las Vegas, for Appellant.

*Freedman & Whelton,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On July 30, 1980, Richard and Angelina Korbel were divorced. There were three children of the marriage. Custody of

the two daughters was awarded to Angelina while custody of the son was awarded to Richard. The divorce decree ratified and incorporated by reference a property settlement agreement entered into by the parties on July 24, 1980. That agreement, among other things, provided the terms and amounts of child support payments to be paid by Richard. On June 22, 1981, upon motion of Richard, the decree of divorce was modified changing custody of the daughters to Richard. On February 11, 1982, Angelina moved to amend the divorce decree as modified to change the custody of all *three* children to Angelina and reinstating the terms of support as provided in the original property settlement agreement. Richard opposed the motion on the ground that the support obligations were abrogated when the decree of divorce was modified June 22, 1981.

The district court agreed, in part, with Angelina. Although not raising the amount of child support payments, the court found that the provisions of the property settlement agreement were still in force. The court, therefore, reinstated the terms of child support payments as established in the agreement. Richard appealed that decision to this court, and the appeal was dismissed on April 20, 1983.

Thereafter, on June 13, 1983, Richard moved to modify the decree of divorce on the basis of changed circumstances. Argument on the motion was heard in conjunction with argument on an order to show cause for failure to pay alimony and child support.

On December 13, 1983, the court denied the motion for modification and ordered Richard to pay certain sums of money for "support, tuition, books, etc.," as provided in the property settlement agreement. The court also ordered Richard to pay Angelina's attorney's fees of $2,500.00, $2,000.00 of which was for defending the prior appeal. Richard appeals only from that portion of the order which awarded attorney's fees for the prior appeal.

Absent statute or agreement, attorney's fees are not recoverable. Consumers League of Nevada v. Southwest Gas Corp., 94 Nev. 153, 576 P.2d 737 (1978). Angelina argues that NRS 125.040(1), NRS 125.150(3) and NRS 125.180 authorized the court to award attorney's fees for the prior appeal. We disagree.

NRS 125.040(1) provides for support and cost of suit during pendency of the divorce action. It requires application to the court and notice to the other party. The purpose of NRS 125.040(1) is to enable the other party to carry on or defend in the divorce action and has no application to an appeal.

NRS 125.150(3) provides: "Whether or not application for suit money has been made under the provisions of NRS 125.040, the court may award a reasonable attorney's fee to either party to an action for divorce if those fees are in issue under the pleadings." This statute is equally inapplicable. The $2,000.00 award was made six months after the appeal was dismissed by this court.

Finally, NRS 125.180 provides no authority for the award. This statute provides an award of fees when one party is in default of money owed under a decree of divorce.

No authority exists which would allow the district court to award attorney's fees for an appeal which had been dismissed six months previously. We hold, therefore, that the district court erred in awarding attorney's fees for the previous appeal.

Accordingly, the district court's order awarding Angelina $2,500.00 in attorney's fees is reversed and remanded with instruction to the district court to modify the award in accordance with this opinion.[1]

SPRINGER, C. J., MOWBRAY, STEFFEN, and GUNDERSON, JJ., and ZENOFF, Sr. J.,[2] concur.

[1]Angelina's request for attorney's fees for the instant appeal, on the ground that this appeal is frivolous, is denied.

