132 Nev., Advance Opinion 38

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| EDWIN GRIFFITH,<br>Appellant,<br>vs.<br>GABRIELA GONZALES-ALPIZAR,<br>Respondent. | No. 67772<br><br>**FILED**<br><br>MAY 2 6 2016<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

Appeal from a post-divorce decree order granting attorney fees pendente lite for appeal costs. Second Judicial District Court, Family Court Division, Washoe County; Egan K. Walker, Judge.

*Affirmed.*

Jeffrey Friedman, Reno,
for Appellant.

Richard F. Cornell, Reno,
for Respondent.

Kunin & Carman and Michael P. Carman and Israel L. Kunin, Las Vegas,
for Amicus Curiae.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, C.J.:

Under NRS 125.040(1)(c), a district court has discretion in a divorce suit to require one party to pay an amount of money necessary to assist the other party in carrying on or defending the suit. In this appeal,

16-16625

we are asked to determine whether this statute grants the district court subject matter jurisdiction to award a party attorney fees pendente lite to defend against an appeal. We hold that a district court does have jurisdiction to award attorney fees pendente lite for the costs of an appeal pursuant to NRS 125.040. Furthermore, we hold that the district court did not abuse its discretion in awarding such fees in this case. Accordingly, we affirm the district court's order.[1]

### FACTS AND PROCEDURAL HISTORY

Appellant Edwin Griffith and respondent Gabriela Gonzales-Alpizar have been immersed in divorce litigation for almost ten years. In 2007, both parties obtained divorce decrees: Gonzales-Alpizar from a Costa Rica court, and Griffith from a Nevada court. Much litigation ensued, and in October 2014, Gonzales-Alpizar received a judgment for child support arrears and penalties against Griffith in Nevada, as well as an award of attorney fees. Griffith appealed the order, arguing that attorney fees should not have been awarded and that the underlying Costa Rica order was fraudulent. That appeal is currently before this court as Docket No. 66954.

In the meantime, Gonzales-Alpizar filed a motion for attorney fees pendente lite in the district court to enable her to defend the appeal in Docket No. 66954. The district court granted Gonzales-Alpizar's motion and awarded her $15,000 for attorney fees pendente lite, and Griffith filed this appeal. This court ordered that briefing in Docket No. 66954 remain

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

suspended until the issue concerning the district court's award of attorney fees pendente lite was resolved.

## DISCUSSION

In this appeal, Griffith argues that the district court did not have subject matter jurisdiction to award attorney fees pendente lite for the costs of an appeal, and, even assuming it did, it abused its discretion in awarding such fees in this case. We disagree.

"Subject matter jurisdiction is a question of law subject to de novo review." *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009). Furthermore, if "a statute's language is clear and unambiguous, it must be given its plain meaning, unless doing so violates the spirit of the act." *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007) (internal quotation marks omitted). "A statute is ambiguous if it is capable of being understood in two or more senses by reasonably well-informed persons." *Id.* "When construing an ambiguous statute, legislative intent is controlling, and we look to legislative history for guidance." *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 793 (2006). "Finally, we consider the policy and spirit of the law and will seek to avoid an interpretation that leads to an absurd result." *Id.* (internal quotation marks omitted).

NRS 125.040 reads in relevant part as follows: "1. *In any suit for divorce* the court may, in its discretion . . . require either party to pay moneys necessary to assist the other party in accomplishing one or more of the following: . . . (c) *To enable the other party to carry on or defend such suit.*" (Emphases added.)

Fees awarded pursuant to NRS 125.040(1)(c) are considered "pendente lite" because they cover the costs of the suit while the divorce

SUPREME COURT
OF
NEVADA

(O) 1947A

action is pending. *Pendente Lite, Black's Law Dictionary* (10th ed. 2014) ("Pendente lite" is Latin for "while the action is pending."); *see Thompson v. First Judicial Dist. Court*, 100 Nev. 352, 354, 683 P.2d 17, 19 (1984) (stating "evidence of the legislature's intent may be gleaned from the title of the act by which the statute was enacted"); *see also* 1975 Nev. Stat., ch. 209, at 246 ("AN ACT relating to divorce; providing allowances during pendency of action for . . . costs of suit . . . .").

Although we conclude the phrase "suit for divorce" is ambiguous, as it is unclear from the text of the statute whether the "suit for divorce" includes appellate proceedings, we also conclude that this court's precedent resolves the ambiguity and a divorce action is still pending once an appeal has been filed. *See Braddock v. Braddock*, 91 Nev. 735, 743, 542 P.2d 1060, 1064 (1975) (stating a divorce action "is pending from the time of filing the complaint until its final determination on appeal"); *cf. Fleming v. Fleming*, 58 Nev. 179, 185, 72 P.2d 1110, 1112 (1937) (stating that, with regard to the 1929 equivalent of NRS 125.040, a divorce action remains pending after the entry of a divorce decree for some purposes, such as modifications to child custody). Furthermore, such an interpretation of NRS 125.040 serves public policy in ensuring that underprivileged parties have access to justice in Nevada courts and may obtain appellate review in divorce proceedings. *See, e.g., Sargeant v. Sargeant*, 88 Nev. 223, 227, 495 P.2d 618, 621 (1972) (stating that parties in a divorce action should "be afforded [their] day in court without destroying [their] financial position" and that they "should be able to meet [their] adversary in the courtroom on an equal basis"). Therefore, we hold NRS 125.040 grants district courts subject matter jurisdiction to award attorney fees pendente lite for the costs of an appeal.

Moreover, we conclude Griffith's reliance on *Lake v. Lake*, 17 Nev. 230, 30 P. 878 (1882), and *Korbel v. Korbel*, 101 Nev. 140, 696 P.2d 993 (1985), is misplaced. The issue before the court in *Lake* was whether this court, not the district court, had jurisdiction to award attorney fees pendente lite. *See Lake*, 17 Nev. at 233-34, 30 P. at 879. Furthermore, the *Lake* court did not discuss Section 220 of the Compiled Laws of the State of Nevada, the nineteenth century equivalent to NRS 125.040. *See* 1 Nev. Compiled Laws § 220 (Bonnifield and Healy, 1873) ("In any suit for divorce now pending, or which may hereafter be commenced, the Court or Judge may, in its discretion . . . require the husband to pay such sums as may be necessary to enable the wife to carry on or defend such suit . . . ."). To the extent *Lake* discussed a district court's authority to award attorney fees pendente lite, we conclude such dictum is unpersuasive.

As for *Korbel*, although this court stated that NRS 125.040 had "no application to an appeal," no analysis was provided and such a holding contravenes both this court's precedent and the policy underlying the statute. *Korbel*, 101 Nev. at 141, 696 P.2d at 994. Furthermore, *Korbel* is materially distinct from this case, as *Korbel* dealt with attorney fees for a previous appeal, not a prospective appeal. *Id.* at 142, 696 P.2d at 994; *see Levinson v. Levinson*, 74 Nev. 160, 161, 325 P.2d 771, 771 (1958) ("That an order for allowances under [NRS 125.040] must operate prospectively has been well established in this state. Expenses incurred and attorneys' services performed in the past are not proper considerations.").

Finally, we conclude that the district court did not abuse its discretion in awarding attorney fees pendente lite in this case. *See Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005) (stating "an award

of attorney fees in divorce proceedings will not be overturned on appeal unless there is an abuse of discretion by the district court"). Although a party need not show "necessitous circumstances" in order to receive an award of attorney fees under NRS 125.040, *Sargeant*, 88 Nev. at 227, 495 P.2d at 621, Gonzales-Alpizar presented evidence that she earns $200 per month. And despite the fact that the financial statement contained in the record is several years old, the district court concluded that "Mr. Griffith's financial records and previous testimony in this matter reveal assets and/or earnings sufficient to warrant pendent[e] lite fees . . . ." Griffith's financial records and hearing transcripts have not been brought up on appeal, and thus, we assume the evidence supports the district court's determinations. *See Leeming v. Leeming*, 87 Nev. 530, 532, 490 P.2d 342, 343 (1971) ("As appellant has not brought up the hearing transcript, we must assume the evidence supported the court's implicit determination[ ] . . . that the $2,500 awarded as suit money was needed so respondent might pay her counsel without diminishing the care the court contemplated for the children.").[2]

## CONCLUSION

We hold that NRS 125.040 grants district courts subject matter jurisdiction to award attorney fees pendente lite for the costs of an appeal. Furthermore, we conclude that the district court did not abuse its

---

[2]Although we conclude that the district court did not abuse its discretion in this instance, we caution that in the future, courts should make more explicit factual findings regarding the financial condition of the parties when awarding attorney fees pendente lite.

discretion in awarding such fees in this case. Accordingly, we affirm the order of the district court.

_____, C.J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering