Morrell v. Morrell.

---

SAME TERM.     *Edmonds,* Justice.

MORRELL *vs.* MORRELL.

Where the wife is the defendant, in a bill filed by her husband, for a divorce on the ground of adultery, she is entitled to the means of defence, as well as of support, during the pendency of the suit. And unless she has means of her own, the husband may be ordered to furnish her the means of obtaining a fair and impartial trial, as well as of providing for her subsistence.

Before final decree, however, the court should interfere with the husband's property with great caution, and deal it out to the wife much more sparingly than it would be proper to do after the termination of the suit.

And if the wife has sufficient property in her hands to defray the expenses of the suit, and to support herself pending the litigation, the husband should not be ordered personally to advance any thing more, until that property shall be exhausted.

· Morrell *v.* Morrell.

IN EQUITY. ˙ This was a bill filed by the husband against his wife, for a divorce, on the ground of adultery. The offence charged against the defendant was denied in her answer, and the adultery of the husband there set up. After the filing of the bill, on the application of the defendant, a gross sum of $250 was allowed her, to defray the expenses of her suit. And for intermediate alimony, she was allowed the rent of a house in East Broadway, which was let at $740 a year, and which, after deducting taxes, &c. yielded her about $640. She now presented a petition for an additional allowance to defray the expenses of the suit, on the ground that the suit had been very severely litigated, and that the trial of a feigned issue, which had been awarded would involve her in much greater expense than she was able to pay. In answer to the application, the husband alleged that he, in company with a police magistrate, had found his wife in a house of a suspicious character, locked up alone in a room with a man. This, in her counter affidavits, she admitted to be true; but denied that she had been guilty of adultery; yet she refused to explain the cause of her being there—reserving that, as she said, for the trial of the feigned issue. The husband farther alleged that the defendant had obtained from his house, on the day after she was thus detected, various articles of his property which he valued at $724, but which she valued at $274; that within the ensuing two months, he sent to her her jewelry, which he estimated as worth $400, and she, as worth about $200; her wearing apparel valued at $700, and various other articles, such as horses, carriages, harness, furniture, silver, &c. which he valued at $1165, and she at $965. And besides all this, he had, during the year, advanced to her in cash the sum of $165. It was shown that the plaintiff was worth from $150,000 to $200,000, and was in the enjoyment of a clear income of $13,000 a year; that the defendant had no means except what she had derived from her husband; and a few articles given to her by her parents on her marriage.

Morrell v. Morrell.

*E. Sandford & B. F. Butler*, for the defendant.

*H. Wilson & J. W. Gerard*, for the plaintiff.

EDMONDS, J. As by our law the husband becomes seised of the property of the wife, there naturally flows therefrom an obligation, on his part, to support and maintain her during coverture, and also, in case of a controversy between them, to afford her the means of asserting her rights against him, or defending herself against his attacks. This obligation must be faithfully enforced, or the wife would be left to the mercy of a profligate or cruel husband. On the other hand, care must be taken in the performance of this duty, lest a dissolute wife may be encouraged, by the hope of a pecuniary allowance, in disregarding her marital obligations. To reconcile these conflicting obligations, is ordinarily no difficult task. It becomes so only when both parties are to blame; when, as in this case, the husband, during marriage, supports and visits the object of his past illicit intercourse, and the wife is found locked up alone with another man, in a house of doubtful reputation, and refuses, as she does, at least on this motion, to explain circumstances so suspicious. It frequently happens that the court, in exercising the discretion vested in it in such cases, is called upon to sympathize with the innocent and the suffering, and may lawfully indulge the feeling, in the allowance it may make. (*Burr* v. *Burr*, 10 *Paige*, 20.) And it as often happens that the court is called upon to punish the guilty party, through the same instrumentality. (*S. C.* 7 *Hill*, 216.) But no such appeal is made to me, by the circumstances of this case, as they appear on this application. Both parties appear to be wrong, and seem to be fitted for each other, and for no one else. So that it is a strict rule which I am to apply, and to see that its administration is *strictissismi juris*. However guilty the wife may be, or rather however pregnant may be the circumstances of suspicion against her, she is not yet convicted ; and until she shall be, she is entitled to the means of defence as well as of support. And unless she has means of

Morrell *v.* Morrell.

her own, her husband must furnish the means of obtaining a fair and impartial trial, as well as of her subsistence. (*Wood* v. *Wood,* 2 *Paige,* 115.)

Before final decree, the court should interfere with the husband's property with great caution, and deal it out to the wife much more sparingly than it would be proper to do after the termination of the suit. (*Lawrence* v. *Lawrence,* 3 *Paige,* 371.) But she is a privileged suitor both as to costs and alimony. (*Wilson* v. *Wilson,* 2 *Consist. Rep.* 204.) If the wife has sufficient property in her hands to defray the expenses of the suit and support herself pending the litigation, the husband should not be called on personally to advance any thing more, until that property is exhausted. (*Osgood* v. *Osgood,* 2 *Paige,* 624.)

These are the principles gathered from the cases which are to guide the discretion which the court is to exercise in such cases; and it only remains to apply them. The wife has no children to support, but has an allowance for intermediate alimony of $616 a year, which was increased last year by a voluntary payment by her husband to $856. She has her jewelry and wearing apparel, valued at $1100. She had, when she left her husband's house in January, 1847, according to her own account, $40 in money; and within two months from that time, she received from him various articles valued at about $1100. All this, besides various articles which her sisters took from the house and delivered to her, which the husband values at $724, and she at $274. By her own showing she has, besides her intermediate alimony of between $600 and $700 a year, property derived from her parents or her husband, exceeding in amount $1500. The alimony is more than sufficient for her comfortable support, and she evidently, therefore, is in the position described in *Osgood's case,* in 2 *Paige,* as having sufficient property in her hands to defray the expenses of the suit and to support herself pending the litigation. In such a case it was there laid down as a rule, from which I am not at liberty to depart, that the husband should not be ordered per-

sonally to advance any thing more until that property shall be exhausted.

I must therefore deny this motion. But as the question was raised, on the argument, whether she would have a right to sell any of the property which she has obtained from her husband, she may, if she shall be so advised, have an order allowing her to sell any of it, and to give a good title to it. The denial of this application is, however, without prejudice to the defendant's right hereafter to renew the same, in case the litigation shall be protracted beyond her means of carrying it on.

