Woodruff, J.
The time which I have taken for the consideration of these motions was not so much required by any questions of doubt or difficulty appearing after examination of the papers submitted, as by the number and voluminous character of the papers upon which the motions were respectively made and opposed. Laying out of view, the notoriety which has been given to the litigation, the freedom and extent to which in its various stages it has been the subject of comment, and the bitterness of feeling which has characterized many of the papers presented by the parties from time to time, the questions now raised are not extraordinary, and do not involve .points of novelty or difficulty.
1. The defendant desires to review the proceedings had on a reference involving a question of large pecuniary importance. The result of that reference, if the report of the Referee be confirmed, will require him to pay to the plaintiff a present sum of about $36,000, and in the future an annuity of $4,000. His counsel declares, under the sanction of his oath, his belief that errors have been committed on the reference, to the prejudice of the defendant, which should be the subject of review on a proper presentation to the Court of all the proceedings had before the Referee before the report is confirmed.
The papers which must necessarily be prepared for that review are voluminous, and the counsel expresses some doubt as to the precise form in which that review is to be had.
Additional time is therefore asked to enable the counsel to prepare the case, (if a case be necessary,) in order that the defendant’s right of review be fully preserved to him.
I deem the application in all respects reasonable, and the indulgence sought should be granted. It is the constant practice of the Court to grant a similar indulgence in cases of far less importance, and often when the necessity for further time is far less, and the grounds of the application of slighter force.
As suggested by me on the argument, I am of the opinion that this report may be reviewed, and must be reviewed, in conformity *675 to the 32d of the Ettles of Court, on exception, and that no other “ case" is necessary than copies of the report of the Eeferee and the testimony taken by him, and proceedings had before him, as detailed in the papers annexed to such report, and a copy also of the defendant's exceptions. But I do not deem it my duty, on this motion, to decide that question, either to relieve the counsel from the responsibility of taking such course as they may deem regular, or to endanger the defendant’s rights, by deciding in advance a question- not necessarily involved in the motion before me, especially since, if I should, by such decision, deprive the defendant of the means of a full review of the decisions by which he alleges he has been aggrieved, it might perhaps be impossible at a future day to repair the mischief if I should fall into any error by acting on the opinion above expressed. If he should prepare a case, and it should be deemed irregular and be set aside on motion, he will have lost no rights; while, if I deny him time, he may be remediless.
I may, no doubt, safely assume that the defendant’s attorney has- been reasonably active and industrious since the Eeferee’s report was filed, and, if so, has had already twenty days since the report was filed for the preparation of his papers therein. An additional twenty days will, no doubt, be sufficient within which to determine whether a formal case is necessary, and to prepare it, or complete its preparation. And the order will give him twenty days from the 2d of January, and provide that the plaintiff’s proceedings be stayed, unless the Court at Special Term shall sooner decide to hear the cause under the 32d Eule, or in conformity to the order by which the reference was directed, without any case being made other than a copy of the report and accompanying proofs, &c., and the defendant’s exceptions; in which event the stay of proceedings shall cease, so as to permit the cause to be heard on the report and the exceptions thereto. If the stay of proceedings be not so terminated, it shall continue until the case, if duly made and served, shall be settled.
2. In relation to the plaintiff’s motion for a greater allowance by way of alimony, I do not deem it proper, on the mere ground that the Eeferee has determined, on the evidence before him, that $4,000 a year is a reasonable and proper sum for permanent alimony, to adopt that report before it has been confirmed and *676 while it is claimed by the defendant, under the advice of his counsel, to be liable to exception for grave errors, and require the defendant to pay that amount, while the report itself is undergoing the review which the defendant is entitled to.
Until final judgment, any order for alimony should, I think, be governed by the rules usually regulating the temporary provision which is clearly and palpably just, whatever may be the sum finally awarded. Were I now to adopt the finding and report of the Referee, I might, with propriety, be said to have confirmed it pro hac vice, in advance of the action of the Court upon it, and without a hearing of the defendant upon his objections to the report.
On the other hand, it is quite clear to my mind that—it being finally settled in this Court that the plaintiff is entitled to her judgment of divorce and to alimony on the ground that her husband is guilty and that she is innocent—if I could certainly know, at this time, what sum would be finally awarded, it would be my duty to allow her that sum, else a premium would be offered to the defendant as an inducement to delay the final order to the utmost of his power. But it is impossible that I can be so assuredly informed.
It is," however, equally clear that, though I can have no such certain knowledge, I am bound, if the pecuniary circumstances of the defendant are such as to warrant it, to see that the plaintiff is reasonably and .comfortably provided for until the permanent provision for her shall take effect. And that this is not unjust to the defendant is too plain to require discussion; for, if he were wholly innocent of the charges made against him by the plaintiff, he is bound to make that provision, and his having been found, guilty by the verdict of an impartial jury, on a full and fair trial, cannot render the obligation any less.
Upon consideration of the affidavits on the part of the plaintiff, and taking the defendant’s own testimony before the Referee as a guide to the amount of his estate, I cannot avoid the conclusion that the provision now made for the plaintiff is inadequate. The aggregate of his estate he first states to be $260,000. He after-wards states that the aggregate is $176,800; and his explanation of the difference shows that he has, since this suit was brought, given large amounts of property to his sisters, or purchased and *677 paid for large amounts of property which he has caused to be conveyed to them. Now, without assuming that the defendant is earning anything by his own personal exertions, and requiring only that he obtain a reasonable income from the property he has accumulated, and even recognizing the gifts to his sisters, (which, so far as the plaintiff is to be affected thereby, ought not to be taken as a diminution of his means to her prejudice,) it is plain that she is now entitled to receive, even as temporary alimony, at least $3,000 a year; and he is entirely able to pay it. I am not considering the question of permanent alimony, upon the whole evidence before the Referee; and, in naming $3,000, I am not intimating any opinion on the question whether the report of the Referee is right or not. But, conceding that temporary alimony ought to be fixed at a sum clearly within the limit allowable in fixing permanent alimony,'the sum of $3,000 a year is moderate, with reference to his means and her necessities.
The plaintiff, by her motion, asks for a further sum for expenses and counsel fees. But she has not shown that the moneys provided for such expenses and fees by the order of July last have been expended. Fifteen hundred dollars were directed to be paid, and were, it may be presumed, paid by the defendant.
The plaintiff states that, for expenses of the reference, other than counsel fees, she has paid out upwards of $500. It is true that the Court might presume that she has also paid the balance, or a great portion thereof, to counsel, if they have been fully paid for the conduct of the reference, the proceedings upon which have been produced on this motion. But it is not so stated; and' I prefer not to indulge in conjecture on a subject when the truth might so easily have been shown. If she has $1,000, or thereabouts, unexpended, she has no present need of more, unless, nor until, she has been required to pay it. And, if she has paid it to her counsel, she can easily state it. It will be time enough to make an order when she shows its necessity more distinctly; and for money for expenses of the litigation, she can apply at any time.
The direction as to the alimony will be, that it be paid in monthly sums of $250, instead of $200, as directed in July last.
Costs of the motion will abide the final disposition of costs in the action.