[No. 1,091.]

## JANE LAKE, RESPONDENT, *v.* M. C. LAKE, APPELLANT.

DIVORCE—APPLICATION FOR COUNSEL FEES—NOTICE MUST BE SERVED UPON ATTORNEY.—In an action for divorce, the notice of application for the allowance of counsel fees must, under the provisions of the statute, be served upon the attorney (if there is one), instead of the party.

IDEM—WHERE NOTICE HAS ACCOMPLISHED ITS PURPOSE, ERROR NOT PREJUDICIAL.—Where a notice served upon the party accomplished its purpose in bringing the attorney into court, and he stated that he was prepared to proceed with the hearing, subject to the objection that the notice was

not served upon him, and the court ruled that the notice was sufficient: *Held*, that the ruling was technically erroneous, but as it did not prejudice the defendant, the error should be disregarded.

ALLOWANCE OF COUNSEL FEES, WHEN MAY BE MADE.—The power of the court to make an allowance of counsel fees, while the cause is pending, is incident to divorce suits, and may be made as often as the circumstances of the case may require.

IDEM—AFTER DIVORCE IS GRANTED.—Where the wife obtained a decree of divorce, and the court adjudged a large estate, claimed by her as community property, to be the separate property of the husband, and awarded it all to him: *Held*, that the court was justified in making an allowance of counsel fees to enable her to proceed further and contest the question relating to the property, it appearing that such proceedings were contemplated in good faith.

APPEAL—WHEN ALLOWANCE OF COUNSEL FEES WILL BE GRANTED BY THE SUPREME COURT.—Where the husband appeals from an order of the district court allowing counsel fees to the wife, the supreme court has the power to make an allowance of counsel fees to the wife, so as to enable her to appear, by counsel, in the supreme court upon such appeal.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts appear in the opinion.

*R. M. Clarke,* for Appellant:

I. In all cases where a party has an attorney in the action or proceeding, the service of papers when required shall be on the attorney, instead of the party. (*Griffith* v. *Gruner*, 47 Cal. 644.)

II. The court had before ordered the payment of counsel fee generally in the case, and by such order had compensated the service and exhausted its power. (Divorce Act, sec. 27; 2 Bish. Mar. and Div. 416; *Wilde* v. *Wilde*, 2 Nev. 306.)

III. There was no motion for new trial pending when the order in question was made. The court had lost jurisdiction of the case, and its jurisdiction could only be revived by a motion.

IV. The matter in issue complained of by plaintiff has been determined adversely to her by the court; and to allow her counsel fee to further prosecute it was a gross abuse of discretion. (2 Bish. Mar. and Div., sec. 405–407, 416–417; *Wilde* v. *Wilde, supra.*)

V. The plaintiff was, when the order was made, a *feme sole*. She was no longer his wife. As to him she was a stranger in the law, and she was not entitled to call upon his separate estate to clear the expenses of her litigation.

*C. S. Varian*, for Respondent, cited the following authorities relating to the allowance of counsel fees in actions for divorce. (2 Bish. Mar. and Div., sec. 384 *et seq.*, 421; *Armstrong* v. *Armstrong*, 35 Ill. 114; *Jenkins* v. *Jenkins*, 91 Id. 168-9; *Collins* v. *Collins*, 29 Ga. 518; *Sprayberry* v. *Merk*, 30 Id. 82; *Ex parte King*, 27 Ala. 390; *Phillips* v. *Phillips*, 27 Wisc. 255; *Weishaupt* v. *Weishaupt*, Id. 625; *Moul* v. *Moul*, 30 Id. 203; *Graves* v. *Cole*, 19 Pa. St. 173; *Goldsmith* v. *Goldsmith*, 6 Mich. 286; *Llamosas* v. *Llamosas*, 62 N. Y. 619.)

By the Court, BELKNAP, J.:

In a suit for divorce between the parties hereto, a decree was entered in favor of the plaintiff, dissolving the bonds of matrimony between herself and defendant, and awarding her the custody of their offspring, but adjudging a large estate, claimed by plaintiff as community property, to be the separate property of the defendant husband.

Dissatisfied with the portion of the decree touching the question of property, and desiring to proceed further thereupon, and being destitute of means, the district court ordered defendant to pay plaintiff's attorney for services to be rendered in such further proceedings the sum of six hundred dollars, which amount the court found to be a reasonable and proper fee.

From this order defendant has appealed.

Preliminary to the hearing of the appeal plaintiff has asked this court to make its order directing defendant to pay to her attorney the further sum of two hundred dollars, which amount is admitted to be a reasonable counsel fee for an appeal of this nature. Substantially the same reasons are urged against the allowance of the motion by this court as are urged against the order from which the appeal is taken. The appeal and the motion will, therefore, be considered together.

The first question presented relates to the sufficiency of service of the notice of hearing of the application for counsel fees. The service of notice was made upon the defendant, personally, instead of his attorney of record in the suit. The statute relating to marriage and divorce, as amended at the session of the legislature of 1865, provides that the district courts may at any time after the filing of the complaint in a divorce suit, and after "due notice shall have been given to the husband or his attorney," require the husband to pay such sums as may be necessary to enable the wife to carry on or defend the suit, etc. (Comp. L., sec. 220.) Subsequently, and at the session of the legislature of 1869, the present civil practice act became a law. This act, in relation to the service of papers, at section 500 (Comp. L., sec. 1561), provides:

"*   *   *   *   But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, shall be upon the attorney, instead of the party.   *   *   *" This latter statute must be construed as regulating the service of notice directed to be made by the statute of 1865. If the party has an attorney in the action, the service must be made upon such attorney, instead of the party. Tested by this requirement, the service of notice in this proceeding was insufficient. The defendant appeared by counsel at the hearing of the motion, and objected thereto, upon the ground of the insufficiency of the service.

It appearing to the court that the defendant had handed the notice to his counsel the day before, the court asked counsel whether he required any additional time to prepare for the hearing. Counsel replied that he did not, and consented that the hearing should proceed subject to his objection touching the service of notice. The court, however, held the service sufficient, and directed the hearing to proceed.

In this ruling the court erred. For the reason stated the service was insufficient, but the ruling was not such error as warrants a reversal of the order appealed from. The object of the notice was to bring the defendant into court at

a time when he, presumably, would be prepared to proceed with the hearing. The notice had the effect of bringing. him into court, and when there he stated in substance that he was prepared to proceed with the case. Thus the notice accomplished its purpose. The ruling was technically erroneous, but as it could not have prejudiced the defendant it must be disregarded.

The next objection involves the question of the authority of the court to allow counsel fees in a suit in which an order had previously fixed such fees. The statute provides that the court or judge may, "at any time after the filing of the complaint, require the husband to pay such sums as may be necessary to enable the wife to carry on or defend" the suit, etc.

At common law a wife destitute of means was entitled to an allowance sufficient to enable her to defray her expenses in the suit. The power to make such allowance was considered incident to divorce suits, and the allowance appears to have been made as frequently as circumstances required. In *Graves* v. *Cole*, 19 Pa. St. 173, the supreme court of Pennsylvania, proceeding according to the common law, declared: "The court, having jurisdiction of the suit between the husband and wife, is, from time to time, to make the proper allowance according to the circumstances."

The statute of this state is only affirmatory of the common law. Under a similar statute in the state of New York, Judge Woodruff held, in the progress of the divorce suit of *Forrest* v. *Forrest*, that although "alimony *pendente lite* had once been fixed and allowed to the plaintiff, the amount may be altered and increased, upon its appearing that the necessities of the plaintiff require it, and the amount of defendant's property is such that the increased allowance is reasonable." (5 Bosw. 672; *Morrell* v. *Morrell*, 2 Barb. 480.) The reasonableness of this rule is illustrated by the present case.

At the commencement of this litigation, the court directed defendant to pay plaintiff's counsel a fixed fee, which probably at that time appeared to the court to be a proper fee for the trial of the cause. Afterward the court made a fur-

ther and greater allowance for the same purpose, and finally the court made the order from which this appeal is taken. It would appear from these facts that the controversy has been more protracted and severe than was anticipated when the first allowance was made. In the early stages of the cause it may have been impossible to have approximated the proper amount of money necessary for the expenses of litigation. Justice to both parties, therefore, requires that orders of this nature should be made as demanded by the changing circumstances of the case.

Objections are also made to the order, upon the ground that an allowance for counsel fees to further prosecute a matter which had been determined adversely to plaintiff, was an abuse of discretion in the court, and that no authority existed to make such order after the entry of the decree of divorce and when the parties were no longer husband and wife.

The object of the law is, to afford a wife without means the funds necessary to prosecute or defend suits of this nature. This object would be frustrated, if, after a decree of divorce were rendered, courts should withhold from her the means necessary for a reasonable review of the proceedings. She is entitled to proper allowance so long as the cause is pending and until it is finally determined. (*Forrest* v. *Forrest*, 5 Bosw. 672; *Jenkins* v. *Jenkins*, 91 Ill. 167; *Phillips* v. *Phillips*, 27 Wisc. 252; *Goldsmith* v. *Goldsmith*, 6 Mich. 286 )

Nor did the court abuse its discretion in making the allowance. The fact, that a decree of divorce had passed against the wife, was not considered sufficient ground in the authorities cited to deny an allowance for counsel fees for appeal.

In this case, strong reasons would appear to exist for affording the wife means to take such further proceedings as she may be advised are proper. She had obtained a decree of divorce in her favor, but in the opinion of the district court, the property involved was the separate property of the husband, and for this reason none of it was awarded to her. The importance of the result of this branch of the suit to plaintiff, in connection with the fact that the further

proceedings appear to have been contemplated in good faith, and not vexatiously, are matters which doubtless addressed themselves to the sound discretion of the court, and justify its action.

No statutory provision authorizes an allowance for counsel fees in this court. But such right has been exercised by courts of similar jurisdiction in conformity with the decisions of the ecclesiastical courts of England. (*Goldsmith* v. *Goldsmith*, and *Phillips* v. *Phillips, supra.*) The exercise of such authority is based upon the presumption, that jurisdiction in divorce cases carries with it by implication the incidental power to make such allowances. The power is indispensable to the proper exercise of jurisdiction in guarding the rights of wives.

The order of the district court is affirmed and the motion of respondent allowed.