[No. 1807]
## MARGARET G. KAPP, RESPONDENT, *v.* CHARLES F. KAPP, APPELLANT.

1. COURTS—STARE DECISIS.
     A point once decided should be unsettled only for very weighty and conclusive reasons.

2. DIVORCE—TEMPORARY ALIMONY—ORDER NOT APPEALABLE.
     An order increasing alimony *pendente lite* is not appealable, not being embraced by Civ. Prac. Act, 330 (Comp. Laws, 3425) prescribing what judgments and orders may be appealed.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *F. P. Langan*, Judge.

Action by Margaret G. Kapp against Charles F. Kapp. From an order increasing alimony *pendente lite*, defendant appeals. **Dismissed.**

The facts sufficiently appear in the opinion.

*Detch & Carney*, for Appellant:

I.   A careful examination of the text-books and of the authorities will show that the weight of authority supports the contention that an appeal lies from an order granting alimony *pendente lite*, counsel fees and costs. (*Sharon* v. *Sharon*, 67 Cal. 185; *Lochnane* v. *Lochnane*, 78 Ky. 468; *Hecht* v. *Hecht*, 28 Ark. 92; *Gruhl* v. *Gruhl*, 123 Ind. 87; *Lewis* v. *Lewis*, 20 Mo. App. 546; *Blair* v. *Blair*, 74 Iowa, 314; *Blake* v. *Blake*, 80 Ill. 524; *Williams* v. *Williams*, 29 Wis. 517; *Brigham* v. *Brigham*, 147 Mass. 159; *Schuster* v. *Schuster*, 84 Minn. 403; *Graves* v. *Graves*, 50 Ohio St. 196; *McCarthy* v. *McCarthy*, 137 N. Y. 500; 2 Nelson on Divorce, sec. 862; *Schonwald* v. *Schonwald*, 62 N. C. 215; *McKennon* v. *McKennon*, Okl. 63 Pac. 704.) It will be noticed that not only with reference to the number but with reference to the standing of the judicial learning of the various courts, that the weight of authority supports the doctrine that an order granting alimony *pendente lite* is appealable. It is admitted that in section 3452 of the Compiled Laws an order of this character is not directly specified as an appealable order. It, therefore, resolves itself under a proper construction as to whether or not this is such a final judg-

ment or such special proceedings as is contemplated that an appeal may be had from such under the first subdivision of that section.

*Thompson, Morehouse & Thompson*, for Respondent:

I. The point is, "Is an order allowing alimony before the cause has been heard, and which order is made to enable the plaintiff to live pending the trial of a cause, a final judgment, from which, under Comp. Laws. 3425, an appeal can be taken?" This court has said distinctly that the order for alimony in a divorce suit is nonappealable as from a final judgment.

II. The dissenting opinion in *Sharon* v. *Sharon*, 67 Cal. 185, certainly is better law, more humane and reasonable, and it will be seen that other courts will not follow *Sharon* v. *Sharon*. (43 Pac. 106; 10 Pac. 228; 25 N. W. 623.)

III. The case of *Lake* v. *King*, 16 Nev. 215, having squarely construed our statute as to appeals of this kind in divorce cases, that case becomes now in this state "*stare decisis*," and will not now be disturbed, whatever other courts may rule. And the rule is that a single decision must not be disregarded "except when it is plain that the judgment was the result of a mistaken view of the condition of the law applicable to the question." (67 Fed. 674; 131 Mo. 26.) And *Lake* v. *King* was decided for all time. It has not been overruled or modified. There was no mistake or *obiter dicta*, but this question was the issue to be decided and the statute has not been changed.

IV. And, again, the allowance of alimony is discretionary with the court, and every wife is entitled to present her grievance to the tribunal of justice, and she is entitled to support from the property of her husband until the final order of the court; and the dismissal or indefinite postponement of her cause because of poverty or inability to prosecute the suit for lack of means should not be visited upon her as a penalty when her husband has ample means. (*In re Kelsey*, 43 Pac. 106.)

V. The case of *Lake* v. *King* was not only the interpretation of our statute by the trial judge, but by this supreme

court, and has reason, justice and humanity to sustain it, and is fully sustained by *Earls* v. *Earls*, 26 Kan. 178; *Cooper* v. *Mayhew*, 40 Mich. 528; *Chase* v. *Ingalls*, 97 Mass. 524; *Miller* v. *Miller*, 75 N. C. 71; *Ex Parte Perkins*, 18 Cal. 60.

By the Court, NORCROSS, C. J.:

This is an appeal from an order of the First Judicial District Court in and for the County of Esmeralda, made in a certain action pending in said court for a dissolution of the bonds of matrimony, wherein the above-named respondent is plaintiff, and the appellant herein is defendant. The order appealed from was one made increasing the alimony *pendente lite* from $100 per month, as theretofore ordered, to the sum of $200 per month. Respondent herein has interposed a motion to dismiss the appeal upon the ground that the order appealed from is not an appealable order under the laws of this state, and that this court has no jurisdiction in the premises.

Section 330 of the civil practice act of this state (Comp. Laws, 3425) prescribes what judgments and orders may be appealed from to this court in civil actions or special proceedings. The section reads: "An appeal may be taken: First—From a final judgment in an action, or special proceedings commenced in the court in which the judgment is rendered, within one year after the rendition of judgment. Second—From a judgment rendered on an appeal from an inferior court, within ninety days after the rendition of the judgment. Third—From an order granting or refusing a new trial, from an order granting or dissolving an injunction, and from an order refusing to grant or dissolve an injunction, from an order dissolving or refusing to dissolve an attachment, and from any special order made after the final judgment, within sixty days after the order is made and entered in the minutes of the court. Fourth—From an interlocutory judgment or order in cases of partition which determines the right of the several parties, and directs partition, sale or division to be made, within sixty days after the rendition of the same."

In the case of *State* v. *Langan*, 29 Nev. 459, this court said: "An appeal to this tribunal is a matter purely of statutory

right, and, unless authorized by statute, any attempted appeal taken from an order not appealable is void, and therefore could not confer any jurisdiction upon this court to act. It is clear that, where an order is nonappealable, no jurisdiction can be conferred on or entertained by this court by the perfecting of an attempted appeal." In that case we held that an order setting aside a default was not appealable.

In the case of *Lake* v. *King,* 16 Nev. 215, which was a proceeding in *mandamus,* to compel the respondent, King, as district judge, to settle a statement on appeal from sundry orders for the payment of alimony and counsel fees in the case of *Lake* v. *Lake* (an action for divorce), this court held that "the orders complained of are not included among those from which an appeal may be taken before final judgment." In that case the question involved in the case at bar was squarely presented, and determined adversely to the contention of appellant. "After having been once so determined, the point should not be unsettled, except for very weighty and conclusive reasons." (*Evans* v. *Cook,* 11 Nev. 75.)

Counsel for appellant have very strenuously urged that we should adopt the position taken by the Supreme Court of California in the case of *Sharon* v. *Sharon,* 67 Cal. 185, 7 Pac. 456, 635, 8 Pac. 709, wherein it was held that an order directing the payment of alimony was a final judgment from which an appeal would lie. A very able dissenting opinion was filed in the case by McKee, J. If the question were new in this state, we might hesitate before adopting the view expressed in the prevailing opinion in the Sharon case.

The same question came before the Supreme Court of Utah in the case of *In re Kelsey,* 12 Utah, 393, 43 Pac. 106, in which that court said: "In the case from California, above referred to, it is decided that the order of the court for alimony *pendente lite,* together with counsel fees, is a final judgment, and therefore an appeal will lie. A dissenting opinion was written by Judge McKee, the reasoning of which we think sound, and from which we quote with approval."

See also *Wyatt* v. *Wyatt,* 2 Idaho, 236, 10 Pac. 228.

We think it unnecessary to go into extended discussion of the question, for no "weighty reason" appears to us for a

change in the settled practice at this time, even conceding that, as a question of first impression, respectable authority and logical reasoning may be offered upon both sides. Unquestionably a right of appeal from an order for alimony *pendente lite* could be made a means of working considerable hardship in many cases. Upon the other hand, it would be only a case of clear abuse of discretion in the trial court, from which an appellant could be relieved. Instances of this kind are doubtless rare.

It not being clearly apparent that the right of appeal exists, and this court having heretofore held to the contrary, it is our conclusion that the appeal should be dismissed, and it is so ordered.