No. 2621

# BLACK v. BLACK

January 5, 1924. 221 Pac. 239.

1. DIVORCE—COURT AUTHORIZED TO ORDER PAYMENT OF ATTORNEY FEES ON APPEAL.

The right of the supreme court, in an action of divorce, to make an order directing the payment of attorney fees upon appeal, is well established.

2. DIVORCE—ALLOWANCE OF ATTORNEY FEES TO WIFE ON APPEAL HELD NOT AUTHORIZED.

Where the wife was able to prosecute her action on the financial assistance received from her father, and he was still able and willing to aid her, and where, after payment of the alimony decreed, the husband would have only sufficient funds to meet his ordinary living expenses, an allowance of attorney's fees on appeal will not be granted.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Lillian Fahey Black against Edwin Gregory Black. From judgment for plaintiff, defendant appeals. On motion by plaintiff for allowance of attorney fees. **Motion denied.**

*James D. Finch,* for Appellant:

Suit money is in fact specific part of temporary alimony and is granted under same conditions. Nelson, Divorce, sec. 875.

If parties have been living apart for years and wife has supported herself, no alimony should be allotted. Nelson, sec. 855.

If wife has been able to pay expenses with means derived from her own separate estate, or upon her credit, there is no necessity for allowance, but constitutes best evidence she is able to carry on suit without assistance. Nelson, sec. 855; Mudd v. Mudd, 98 Cal. 322. Husband's poverty, amounting to absolute inability to pay alimony, is defense if wife is plaintiff. Nelson, sec. 856a.

Where husband's means are less than wife's, it is excess of discretionary power to award temporary alimony. Turner v. Turner, 22 Pac. 72.

To justify order for temporary alimony, it must appear wife is destitute of means to support herself and carry on suit. Stillman v. Stillman, 39 Am. Rep. 21.

*Ayres & Gardiner,* for Respondent.

By the Court, DUCKER, C. J.:

Respondent obtained a decree of divorce from the appellant in the district court of Washoe County and an appeal has been taken to this court. The matter is now before this court on a motion filed and presented by respondent, the wife, for an allowance of $250 as counsel fee for her attorneys for her defense on this appeal.

1, 2. The right of this court to make an order directing the payment of attorney fees upon an appeal is well established (Lake v. Lake, 17 Nev. 238, 30 Pac. 878; Buehler v. Buehler, 38 Nev. 500, 151 Pac. 44), and is not questioned by counsel for appellant; but they insist that the facts do not present a proper case for such allowance. In support of her motion, respondent filed in this court an affidavit in which it is averred that she has no means of support whatsoever, but is dependant for support upon her father, who is a man of limited means, and that she is without the means or money with which to defend this case in this court on appeal, or to pay the fees of her attorneys; that Ayres & Gardiner, a firm of attorneys who represented her in the district court, have been employed to further represent her upon this appeal, and have informed her that the sum of $250 will be their charge for representing her on appeal, and that the same is a reasonable charge; that unless this court makes an order for the defendant to pay such counsel fee she will be without the means of compensating said attorneys and will be left without counsel; that said counsel are familiar with the case, and it would be prejudicial to her interest should she be deprived of their services; that the appellant earns a substantial salary of about $3,000 a year and is able to pay such attorney fee.

Appellant filed a counter affidavit, and in addition introduced in evidence excerpts from the testimony taken on the trial of the case in the court below. In view of all the circumstances which appear from the affidavits and from the evidence as to the comparative financial condition of the parties, we are of the opinion that our discretion ought to be exercised against the application for attorney fees. We are convinced that the wife will, notwithstanding the refusal of the order, be able to properly defend her case in this court. On the other hand, the granting of the order might compel the husband to abandon his appeal, and therefore cause an injustice. It appears that he has no property and his only source of income is his salary as investigator in the Anti-Trust Division in the Department of Justice, assigned to the United States attorney's office at New York City, N. Y., which is $225 per month. From this, in addition to current expenses, he pays to the wife $50 per month for the support and maintenance of the two minor children of appellant and respondent. A list of his monthly personal expenses is set out in his affidavit, and it appears therefrom that all of his salary which he receives monthly is required to meet them, and that all of such expenses are necessary. It appears that he has borrowed all that he can on his life insurance policy to defend this suit.

On the other hand, it appears that respondent, ever since her separation from appellant in 1917, has been living at the home of her father in Washington D. C., and has been self-supporting; that since the death of the latter's wife she has been receiving the sum of $100 per month from her father as his housekeeper. His ability and willingness to help her financially in her divorce action has been demonstrated. With her father's assistance she was able to come from Washington, D. C., with her two children to Reno, and remain for six months prior to the divorce proceedings, and during the pendency thereof, and to return with her children to her father's home in Washington, after obtaining the decree; to employ counsel to prosecute her suit and pay all expenses incident thereto. No

order was asked for by her concerning costs, and, in response to an inquiry of the court in that regard, her counsel stated that they considered it useless to ask for any such order. The father owns a home in Washington which he values at $20,000, and which, during his stay in Reno with his daughter and grandchildren, during the period above mentioned, he was able to rent for $170 per month. He is on the retired list of the Southern Pacific Company getting an annual pension which he receives monthly. He states that he has no use for money and has given his daughter money, as he would today. The respondent, in her affidavit, states that her father is a man of limited means, and it would be a great hardship and injustice upon him to compel him to advance the sums necessary for the payment of the fees of her attorneys. This is merely a conclusion. It is nowhere stated in her affidavit that he is now unable or unwilling to aid her to that extent, and from all the circumstances it is fair to assume that he is both able and willing to help her.

Mr. Nelson, in his work on Divorce and Separation (vol. 11, p. 803), states the following rule:

"Temporary alimony should be refused if it appear that the wife has sufficient income to support herself during the trial, to employ counsel, and to advance the necessary costs and expenses. It is immaterial how she derives this maintenance, if she is able to prosecute the suit, or to make a defense. The courts sometimes refuse to assist her where friends or relatives are doing so. If the parties have been living apart for years, and the wife has supported herself, no alimony should be allotted."

The rule requiring the husband to pay the wife sufficient to enable her to maintain herself and meet the expenses of her suit or defense is based on necessity to prevent a failure of justice, and will not be required unless it appears that the wife is destitute of the means to be employed for such purposes.

"The fact that she has been able to pay her expenses," says Mr. Nelson, "or to obtain money on her own credit,

is the best evidence of her ability to carry on the suit without assistance." Nelson, supra, 805.

This statement is quite pertinent to the facts of this case. The respondent has been able to prosecute her suit successfully to this point without assistance from appellant, and it does not appear to us from the showing made that she will be unable to present her case on appeal without assistance from him.

The motion should be denied.

It is so ordered.  ———