## HARRISON *v.* HARRISON

No. 3000

January 5, 1933.                    17 P.(2d) 693.

*W. B. Ames*, for Appellant.

*John Bernard Foy*, for Respondent.

## OPINION

By the Court, DUCKER, J.:

This is a motion to dismiss an appeal from an order in a divorce case pending in the Second judicial district court in and for Washoe County. The order is for allowances for the defendant wife, and restrains plaintiff from proceeding further until it is complied with. We will continue to refer to the parties as plaintiff and defendant.

The ground of the motion to dismiss is that the order is not appealable before final judgment, and that

the court has no jurisdiction of the appeal. Plaintiff contends that the order is appealable, first, because it is a final judgment within the purview of paragraph 1 of section 8885 N. C. L.; and, second, because the restraining order is an injunction within the meaning of paragraph 2 of said section.

The first contention is decided adversely to plaintiff in the case of Kapp v. Kapp, 31 Nev. 70, 99 P. 1077, 21 Ann. Cas. 599. We perceive no reason for departing from the rule adhered to in that case.

■ Is the order appealable in so far as it places an injunction on the plaintiff from proceeding further in the case? Even if it were, nothing could be considered on the appeal except that phase of the order. Meadow Valley Mining Company et al. v. Elliot Dodds et al., 6 Nev. 261. But we are of the opinion that the injunctive feature of the order is not of that type of injunction contemplated by paragraph 2 of section 8885 N. C. L., or section 4833 of Rev. Laws (section 8375 N. C. L.) from which a direct appeal is provided. It is nothing more than an order in the nature of a rule by which the trial court has undertaken to enforce its order for allowances. As such, a direct appeal may not be taken from it.

The appeal must be dismissed.

It is so ordered.