OSCAR C. ENGEBRETSON, APPELLANT, *v.* ETHELYN E. ENGEBRETSON, RESPONDENT.

No. 4001

February 11, 1957.                    307 P.2d 115.

*Stewart & Horton,* of Reno, for Appellant.

*Diehl & Recanzone,* of Fallon, for Respondent.

## OPINION

### MOTION TO DISMISS APPEAL

*Per Curiam:*

On January 24, 1956, on motion of plaintiff wife and

after the taking of testimony and argument of counsel for both parties, the court below entered an "Order for Preliminary Allowances" of $300 preliminary counsel fees for the benefit of plaintiff and $100 per month for "her support and maintenance pending the outcome of the litigation". The order further recited that it was without prejudice to the right of plaintiff to make further application for allowances for the same purposes. The defendant husband filed notice of appeal from this order and plaintiff has moved to dismiss the appeal upon the ground that the same is not an appealable order. Rule 72 (b) N.R.C.P.

Appellant concedes that for many years the rule of the nonappealability of such an order has been the law of this state. Harrison v. Harrison, 54 Nev. 369, 17 P.2d 693; Kapp v. Kapp, 31 Nev. 70, 99 P. 1077, 21 Ann.Cas. 599. He contends, however, that this rule was changed by the legislature in 1949 by its enactment of NCL 1943-49 Supp., sec. 9474.01 (now NRS 125.170, 125.270) reading as follows: "In divorce and separate maintenance actions, installment judgments for alimony and support shall not be subject to modification as to accrued installments, but only as to installments not accrued at the time a motion for modification is filed; provided, however, that the provisions of this act shall not preclude the parties from entering into a stipulation as to accrued installments prior to the time a motion for modification is filed."

Appellant contends that the basis for the former rule was that the orders from which appeals had been attempted could be modified on application; that this was not the case in the present instance; that some 12 monthly installments of alimony had accrued since the order and that, under the 1949 statute, it was beyond the power of the district court to modify such award. Appellant's conclusion does not logically follow. The fact still remains that the appeal was taken not from a judgment for accrued alimony but from the order of January 24, 1956—an order for preliminary allowances, without prejudice to the right to make future application for

further allowances and was in all respects interlocutory and prior to any proceedings on the merits or looking toward a final judgment. Such order was not appealable.

The appeal is dismissed with costs to respondent.

### ORDER DENYING REHEARING

May 21, 1957.                                    311 P.2d 412.

DIVORCE.

> Decision of Supreme Court on original submission, that an order for preliminary allowances to wife in divorce suit for counsel fees and support pending litigation was interlocutory and not appealable was not construable as permitting a party thereafter to cause an installment judgment to be entered, take an appeal from such judgment and in such appeal attack the order for temporary alimony. NRS 125.170, 125.270.

*Per Curiam:*

The petition for rehearing is denied.

Appellant's petition for rehearing indicates that the effect of our opinion and decision dismissing the appeal filed February 11, 1957, 73 Nev. 19, 307 P.2d 115, is to hold that, although an order for the payment of temporary alimony is not appealable under Rule 72(b) NRCP, a party could thereafter cause an installment judgment to be entered, NRS 125.170, 125.270, take an appeal from such judgment, and in such appeal attack the order for temporary alimony. Counsel states that this could be the impression likewise gained by the other members of the bar from a reading of our per curiam opinion dismissing the appeal. Such was not the intended implication of the opinion. The distinction between temporary and final orders for the payment of alimony, so far as concerns their appealability, maintains as in the past, unmodified by NRS 125.170 or 125.270.