.MILDRED  KATLEMAN, Appellant, v.
BELDON  KATLEMAN, Respondent.

No. 4097

May 20, 1958.                                        325 P.2d 420.

George M. Dickerson, of Las Vegas, and Mitchell, Silberberg and Knupp, of Los Angeles, California, for Appellant.

Woodburn, Forman, Wedge, Blakey and Thompson, of Reno, and Leo K. Gold, of Beverly Hills, California, for Respondent.

# OPINION

### ON MOTION TO DISMISS APPEAL

*Per Curiam:*

This is an appeal from order of the court below denying the motion of appellant, as the wife in an action for divorce, for allowances and alimony pendente lite under NRS 125.040. The matter is before us on the motion of the respondent husband to dismiss the appeal upon the ground that the order in question is not an appealable order under Rule 72(b) NRCP.

This proposition has been well established in this state. Engebretson v. Engebretson, 73 Nev. 19, 307 P.2d 115; Harrison v. Harrison, 54 Nev. 369, 17 P.2d 693; Kapp v. Kapp, 31 Nev. 70, 99 P. 1077, 21 Ann. Cas. 599; Accord: Wilkinson v. Wilkinson, 73 Nev. 143, 311 P.2d 735.

Appellant, in opposition to the motion to dismiss, points out that the cited cases all involved orders *granting* allowances or alimony pendente lite, while this

appeal involves an order of denial. She contends that the rule announced in those cases is founded upon the obvious need of the destitute wife for protection in litigation of this sort; that the giving of such protection requires that this appeal be held proper.

Certainly protection of the wife is the reason for the statutory provision for allowances in NRS 125.040. The rule against appealability, however, is based upon the proposition that the order is not a final determination upon the question of the existence or extent of the wife's right to allowances and cannot, therefore, be regarded as a final judgment upon these matters. The order is no more final when it opposes the position of the wife than when it favors it. If appeals are to be allowed in cases of this sort the remedy is through amendment of Rule 72(b) NRCP.

The motion must be granted.

Appeal dismissed.