OSCAR C. ENGEBRETSON, Appellant, *v.*
ETHELYN E. ENGEBRETSON, Respondent.

No. 4142

April 28, 1959                                     338 P.2d 75

See also, 73 Nev. 19, 21, 307 P.2d 115, 311 P.2d 412.

*Royal A. Stewart, Richard W. Horton, Richard G. Campbell* and *Raymond B. Free,* of Reno, for Appellant.

*Diehl and Recanzone,* of Fallon, for Respondent.

## OPINION

By the Court, McNamee, J.:

This is an appeal from that part of the judgment of divorce which awards $2,150 accumulated alimony, pendente lite, under an earlier order for the payment of $100 per month.

A similar appeal in this matter was attempted before, but this court dismissed the same as premature. Engebretson v. Engebretson, 73 Nev. 19, 307 P.2d 115.

A transcript of the evidence received by the trial court at the hearing on the motion is contained in the record on appeal and there is no material conflict.

This evidence shows that the wife owned as her separate property and was in possession of the following:

(a) Texas Company stock worth more than $2,200 with an income of $120 a year.

(b) A bank account in the sum of $280.89, which was the balance remaining out of a $1,000 unsecured bank loan.

(c) An 8/42nd interest in the Fallon Garage, plus a credit in her drawing account with said garage of $5,564, which she was not then able to draw on.

(d) Residential real property of the value of $10,000, unencumbered, producing no income.

In addition to the foregoing she had in her possession a 1955 Bel Air sedan which was community property registered in her husband's name.

There was other property of the parties consisting of a ranch (and certain produce thereon), which had been the family home and which is alleged to be community property, although held by the parties in joint tenancy. This ranch was in the possession of the husband and constituted his sole source of income. At the time of the court's order there were at the ranch 70 tons of salable hay of the value of $1,750.

NRS 125.040 provides that in any suit for divorce the court "may, in its discretion, * * * require the husband to pay such sums as may be necessary * * * for the wife's support * * * during the pendency of such suit."

Appellant husband contends that under this statute an allowance for temporary alimony is based on the necessity of the wife, and that the evidence clearly shows that the wife is not in necessitous circumstances.

Respondent wife contends that the law does not require her to finance her divorce case from her own separate funds while the husband pays for his litigation out of the joint or community properties of the parties.

It seems strange that never before have we been called upon to interpret this statute with reference to temporary support in connection with a case in which the facts disclose that the wife has some means of her own.

In Black v. Black, 47 Nev. 346, 221 P. 239, 240, we stated, "The rule requiring the husband to pay the wife sufficient to enable her to maintain herself and meet the expenses of her suit or defense is based on necessity to prevent a failure of justice, and will not be required

unless it appears that the wife is destitute of the means to be employed for such purpose."

This case, however, concerned the allowance of attorney fees on appeal only and did not determine any rights with respect to temporary alimony.

In our opinion, the statute does not limit awards for temporary alimony to those cases where the wife is destitute or practically so. It contemplates such awards when the facts, circumstances, and situation of the parties are such that in fairness to the wife she should be given financial assistance for her support during the pendency of the action.

"Temporary alimony will not be denied because the wife possesses a separate estate where the income therefrom is not sufficient for her support, and she need not resort to the corpus of her estate before calling on that of her husband." 27 C.J.S., sec. 208, p. 898. Accord: Nelson, Divorce and Annulment, sec. 12.27, n. 54, 55; Keezer, Marriage and Divorce, 3d Ed. 1946, secs. 591, 604; 17 Am.Jur. Divorce and Separation, sec. 623. See note, 15 A.L.R. 781.

Appellant concedes frankly that this is the rule in California.[1] He insists, however, that Nevada has adopted a contrary rule as established by the cases of Lake v. Lake, 16 Nev. 363; Effinger v. Effinger, 48 Nev. 205, 228 P. 615, 239 P. 801; Fleming v. Fleming, 58 Nev. 179; 72 P.2d 1110; Baker v. Baker, 59 Nev. 163, 87 P.2d 800, 96 P.2d 200; Cunningham v. Cunningham, 60 Nev. 191, 102 P.2d 94, 105 P.2d 398; Black v. Black, supra.

As pointed out above, the statement in Black v. Black, supra, with reference to the wife's maintenance, was dictum. In all of the other cases mentioned, the condi-

[1]Mauldin v. Mauldin, Cal.App., 275 P.2d 113; Loeb v. Loeb, 84 Cal.App.2d 141, 190 P.2d 246, 248; Bernheimer v. Bernheimer, 103 Cal.App.2d 643, 230 P.2d 17; Farrar v. Farrar, 45 Cal.App. 584, 586, 188 P. 289.

tion of necessitous circumstances as alone justifying an allowance had reference only to suit money and not to temporary alimony, and they do not support appellant's contention.

The right to temporary alimony rests largely in the discretion of the courts. 25 C.J.S., p. 890, n. 1; 19 C.J. 206, n. 69.

We feel that the award of temporary alimony to the wife in this case who had no income sufficient for her support at a time when the husband was in control of all of the income-producing community property of the parties was a proper exercise of the trial court's discretion even though the wife had separate property which could have been hypothecated by her for her temporary support.

MERRILL, C. J. and BADT, J., concur.