ROBERT L. CRANMER, APPELLANT, v. LILLIAN C. CRANMER, RESPONDENT.

No. 4556

March 11, 1963                                   379 P.2d 474

*Vargas, Dillon & Bartlett,* of Reno, for Appellant.

*Morse & Graves,* of Las Vegas, and *Harley W. Gustin,* of Salt Lake City, Utah, for Respondent.

## OPINION

By the Court, McNamee, J:

This is an appeal from that part of the judgment dissolving the bonds of matrimony theretofore existing between the parties hereto which awards attorney fees to the respondent in the sum of $11,000.

In addition to the dissolution of the marriage and the award of attorney fees, the judgment determined that there was no community property belonging to the parties and distributed to the appellant and respondent their respective separate properties. Their joint property was by stipulation equally divided. Furthermore, the judgment awarded respondent $1,000 per month as permanent alimony, plus $150 per month for the

support of the minor daughter, whose custody was awarded to respondent.

The lower court found that appellant's assets were $148,742.75, plus his half of the securities jointly held with respondent, which added $43,611 to his net worth. His liabilities, in addition to some personal expenses, were $18,000 to Zion's First National Bank of Salt Lake City and $23,168.53 on a mortgage.

Respondent's assets were found to be a home appraised at $87,000, furnishings therein, the value of which was not determined by the court but is listed in the evidence at $10,934.45, marketable securities of the value of $16,540.25, and her half of the joint tenancy securities of the value of $43,611. She also had a 1960 automobile listed in the evidence as valued at $1,775.

The total capital assets of appellant were found by the court to have a fair market value of $192,353.75. The value of the assets of the respondent was found by the court to be $147,151.25, exclusive of the value of the automobile and the value of the household furnishings.

. It is appellant's contention that the lower court erred in awarding to the wife attorney fees in the sum of $11,000 in the absence of a showing of necessitous circumstances. In Fleming v. Fleming, 58 Nev. 179, 72 P.2d 1110, this court, following earlier decisions, held that the wife's necessity is a prerequisite to allowances of suit money or attorney's fees.

In Thorne v. Thorne, 74 Nev. 211, 214, 326 P.2d 729, 730, we said:

"As to the judgment for counsel fees, appellant contends that the court had no power to render such judgment; that its only power with respect to counsel fees lies in the area of suit money under NRS 125.040 to require the husband 'to pay such sums as may be necessary to enable the wife to carry on or defend such suit.'

"This point, too, is well taken. While expenses of the litigation may well be taken into consideration by a court in its disposition of community property, judgment for counsel fees in an action for divorce is not otherwise authorized save as founded upon a motion for suit money and the showing necessary upon such a motion."

The reason for the holding in the Thorne case that "a judgment for counsel fees in an action for divorce is not authorized save as founded upon a motion for suit money and the showing necessary upon such motion," although not stated in that case, is because of the long-established rule in this state that suit money and attorney fees will be allowed only for expenses to be incurred and attorney's services to be performed in the future. Fleming v. Fleming, supra.

After the Thorne case, NRS 125.150 was amended by adding the following paragraph:

"Whether or not application for suit money has been made under the provisions of NRS 125.040, the court may award a reasonable attorney's fee to either party to an action for divorce if attorneys' fees are in issue under the pleadings."

Respondent maintains that by reason of said amendment not only can attorney fees be awarded at the conclusion of the trial with or without a prior application therefor during the pendency of the action, but also the amendment removes the requirement that the wife make a showing of necessitous circumstances.

Although it is conceded that attorney fees are in issue under the pleadings we have concluded that the rule in this state requiring a showing of necessitous circumstances before the court is empowered to award attorney fees or other suit money remains in effect, and that the intention of the legislature in amending NRS 125.150 was merely for the purpose of allowing the award of attorney fees in a proper case even though prior application had not been made therefor, and the services already had been performed. Our conclusion in this regard is fortified by the title of Chapter 244 of the 1961 Statutes of Nevada, the amending act, which reads as follows: "An act to amend NRS section 125.150, relating to alimony and adjudication of property rights in divorce actions, by permitting the court, in such actions, to award a reasonable attorney's fee to either party whether or not a motion for suit money pending the action has been filed."

The award of attorney fees by the court below without a showing of necessitous circumstances was error.

The judgment is modified by striking therefrom the order requiring appellant to pay $11,000 attorney fees to respondent. As so modified, the judgment is affirmed.

BADT, C. J., and THOMPSON, J., concur.