## LOUIS ALLIS, JR., APPELLANT, *v.* LAURIL MITCHELL ALLIS, RESPONDENT.

No. 4915

December 13, 1965            408 P.2d 916

[Rehearing denied January 10, 1966]

*Vargas, Dillon, Bartlett & Dixon,* and *Melvin Brunetti,* of Reno, for Appellant.

*Peter Echeverria and Earl S. Wylder,* of Reno, for Respondent.

## O P I N I O N

By the Court, THOMPSON, J.:

By this appeal we are asked to reverse an order directing a husband to pay $18,500 in fees to his wife's

attorney.[1] The request rests on the proposition that the wife was not shown to be in necessitous circumstances. The financial position of wife and husband was disparate. The wife possessed $25,000 to $40,000 in liquid assets, while the husband was worth approximately three-quarters of a million dollars. In directing the husband to pay the wife's counsel fees, the lower court expressed its view that the great difference in their financial position was relevant to the issue of the wife's need. But for that difference we presume that an award would not have been made, because one having $25,000 to $40,000 in liquid assets is not, per se, in need of money to pay counsel. Thus the question is squarely presented—is the husband's greater wealth relevant to the issue of the wife's need for money to pay her counsel's fee? Our answer is "no." Accordingly, we reverse the order entered below.

Counsel fees for the wife in a divorce case is a problem falling within the area of the trial court's discretion. However, that discretion is abused when the order for fees patently rests upon the husband's ability to pay, rather than upon the wife's need therefor. In ruling on a wife's application for fees, the court is obliged to evaluate the evidence offered to show her need, or lack of it, and decide on that evidence alone whether an allowance should be made. In short, the judicial inquiry is directed to the wife's financial position. At this point, the husband's wealth is not a relevant consideration. Only when the court determines that the wife is in necessitous circumstances and entitled to an award for counsel fees, may it consider the husband's financial position along with other evidence in fixing

[1] A preliminary order for $6,500 counsel fees was made, the court reserving jurisdiction to make a further allowance following trial. Upon conclusion of the case, an additional allowance of $12,000 was made. Procedurally this was proper. Furthermore, we note that the issue of fees for the wife's counsel was raised by the pleadings, NRS 125.040; Cranmer v. Cranmer, 79 Nev. 128, 379 P.2d 474 (1963), thereby obviating any possible objection on the ground that counsel's services had already been rendered.

the amount to be allowed for that purpose. Such, we believe, has been the law of this state for many years. Lake v. Lake, 16 Nev. 363 (1882) ; Effinger v. Effinger, 48 Nev. 205, 228 P. 615 (1924) ; Whitman v. Moran, 54 Nev. 276, 13 P.2d 1107 (1932) ; Cranmer v. Cranmer, 79 Nev. 128, 379 P.2d 474 (1963).

Within the legitimate area of discretion—the evaluation of evidence concerning the wife's financial position —the trial court's view is accorded great respect on review. For example, should it appear that the wife's assets are modest and not liquid, it may, in some instances, be proper to order the husband to pay her counsel's fee rather than to demand that she borrow money for that purpose. The standard of "necessitous circumstances" carries a reasonable flexibility, consonant with the purpose of suit money—that a wife be afforded her day in court without destroying her financial position. Here, however, the award of fees was candidly made solely because of the unequal financial position, and not out of concern that the wife would be precluded from defending the case if an allowance was not made. This cannot be justified.

The lower court suggested that this case falls somewhere in between the holdings of Cranmer v. Cranmer, 79 Nev. 128, 379 P.2d 474 (1963) ; Effinger v. Effinger, 48 Nev. 205, 228 P. 615 (1924) ; Black v. Black, 47 Nev. 346, 221 P. 239 (1924) ; and Engebretson v. Engebretson, 75 Nev. 237, 338 P.2d 75 (1959). None of those cases may be read to support the lower court's ruling here, nor do they indicate a trend toward the establishment of a new standard for the determination of necessitous circumstances. The contrary is true. The recent decision of Cranmer, supra, held, inter alia, that a wife possessing assets worth about $147,000 was not in necessitous circumstances and, for that reason, reversed a fee allowance of $11,000 for her counsel. The rationale of Effinger, supra, squarely supports our conclusion. There the husband was worth about $300,000. The wife enjoyed an annual trust fund income of $8,000 and had about $900 in the bank. This court reversed

an order directing the husband to pay a $2,500 fee to counsel for the wife, noting that the husband's ability to pay was immaterial, as the wife had not shown her need. In Black, supra, the wife's motion for fees on appeal was denied, though her financial position was quite limited; and Engebretson, supra, was not concerned with suit money at all—only temporary alimony, the court indicating that a different standard might be applicable in resolving that issue.

We are aware of the unfortunate consequences to counsel for the wife which may follow our decision, for it may be that the preliminary award was paid to him and perhaps dissipated by this time. An order granting preliminary fees is not appealable, NRCP 72(b); Engebretson v. Engebretson, 73 Nev. 19, 307 P.2d 115 (1957); Harrison v. Harrison, 54 Nev. 369, 17 P.2d 693 (1933); Kapp v. Kapp, 31 Nev. 70, 99 P. 1077 (1909)—nor may its propriety be reviewed by certiorari, Kapp v. District Court, 31 Nev. 444, 103 P. 235 (1909). A final order for fees must be made before appellate review is permitted, and this does not occur until the case is completed below, for until that time the trial court may adjust the award. Lake v. Lake, 16 Nev. 363 (1882). When the preliminary fee ordered is paid to the wife's counsel, caution demands that it be held for possible restitution, as a reviewing court may later rule that such payment should not have been ordered.

Finally, we think it proper to note that, as the amount of the fee fixed for the wife's counsel in this case was directly influenced by the husband's wealth, that amount may not now be deemed indicative of the reasonable value of the services rendered by the wife's attorney, should that issue arise in the future.[2]

Reversed.

BADT, J., and ZENOFF, D. J., concur.

---

[2]Counsel representing the wife on this appeal were not counsel for her in the lower court.