Richard W. WALKER, Appellant,

v.

Brooke WALKER, Appellee.

No. 48677.

Supreme Court of Oklahoma.

Nov. 9, 1976.

Robert H. Fain, Jr., John J. Livingston, Pray, Scott & Livingston, Tulsa, for appellant.

Arthur E. Rubin, Richard B. Noulles, Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, for appellee.

IRWIN, Justice:

Appellant, Richard W. Walker, seeks reversal of an award of attorney's fees and costs to appellee, Brooke Walker. Custody of the minor child of the parties had been awarded to appellee by a prior decree of divorce. Appellant filed a motion to modify the custody provisions but later dismissed the action. At that time there was still pending appellee's request for attorney's fees and her costs. A hearing was conducted and the court took evidence as to appellee's financial ability to pay her attorney's fees and costs and as to the propriety of the amount of the requested fees. Trial court awarded appellee attorney's fees and her costs, and this appeal challenges that award. In the trial court, appellant stipulated that the fees awarded were of a reasonable amount and that appellant was able to pay the fees.

Appellant contends that the trial court abused its discretion because appellee had the "means" to pay them. The pertinent provisions of 12 O.S.1971, § 1276, read:

"* * * the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper considering the respective parties and the means and property of each; * * *."

Disputed testimony adduced at the trial court's hearing showed appellee's father to be a man of property and substance. Also, appellee's father had indicated a willingness to protect counsel for appellee from loss by reason of any inability on the part of his daughter to pay an attorney fee. Appellant contends that the presence of a financially capable and supposedly willing father constituted "means" to which appellee could resort to pay her own attorney's fees and costs, and since appellee had such "means", the trial court abused its discretion in compelling appellant to pay them for her.

The record clearly demonstrates that if no consideration were given to the financial worth of appellee's father, appellee would have neither the "means" nor the property to pay attorney's fees and costs. Appellant cites a number of dictionary and judicial definitions of "means" such as "resources", "available instrumentalities for * * * paying a debt", and "any resource from which the wants of life may be supplied." Those definitions do not address the specific point; the court looks to the means and property of the parties. The question must therefore be, may the wealth of the father constitute the "means" of the appellee-daughter?

Appellant cites *Black v. Black* 47 Nev. 346, 221 P. 239 (1924), as holding that the rule requiring the husband to pay the wife sufficient funds to enable her to maintain herself and meet the expenses of her defense in a divorce proceeding is based on necessity to prevent failure of justice, and will not be required unless it appears that the wife is destitute of the means to be employed for such purposes. Appellant also cites *Allis v. Allis*, 81 Nev. 653, 408 P.2d 916 (1965). We note the Supreme Court of Nevada in *Sargeant v. Sargeant*, 88 Nev. 223, 495 P.2d 618 (1972), overruled *Allis v. Allis*, supra, and held a wife is not required to show necessitious circumstances in order to authorize an award for an attorney's fee in a divorce proceeding.

Other authorities cited by appellant arising from domestic litigation involved claims where the spouse seeking attorney's fees had more than adequate means of his or her own with which to secure adequate counsel. See *Fowler v. Fowler*, 49 Haw. 576, 424 P.2d 671 (1967); *Cleaver v. Cleaver*, 10

Wash.App. 14, 516 P.2d 508 (1973); *Whitman v. Whitman*, 164 Mont. 124, 519 P.2d 966 (1974). The cases are distinguishable because here the appellee does not have adequate means.

Our Court in *McCoy v. McCoy*, Okl., 429 P.2d 999 (1967), held:

"In making an order concerning the payment of expenses of litigation of the parties in a divorce action in which 12 O.S.1961 § 1276 is applicable, the trial court should consider the parties, and all of the circumstances in the case, including the means and property of the respective parties under the division of property as made or approved by the trial court. In making such orders, the trial court is vested with a wide discretion; and, before this court will reverse such an order, it must clearly appear that the trial court abused its discretion."

No language in § 1276, may be interpreted as directing this Court to consider either the income or assets of third parties in setting attorney's fees in proceedings relating to divorce. Appellee's father is not a party to this litigation and appellant may not shift to him the responsibility of paying appellee's attorney's fees.

Appellee does not have the personal means, property and ability to pay her attorney's fees and her costs. Appellant's ability to pay or the reasonableness of the fees and appellee's costs are not questioned. The trial court did not abuse its discretion in requiring appellant to pay appellee's attorney's fees and her costs.

Appellee, in her answer brief, requests an additional attorney's fee for services performed in defending this appeal. An award of $500.00 is granted as additional attorney's fees.

Judgment affirmed.

All the Justices concur.