WINIFRED SMITH, Appellant, v. KARL M. SMITH, Respondent.

Springfield Court of Appeals, December 5, 1910.

1. DIVORCE: Alimony: Modification of Decree: Court's Power to Award Temporary Alimony: Appeal and Error: Husband and Wife. A decree of divorce had been rendered and the wife was granted the custody of the two children and the husband was required to pay her monthly alimony until otherwise ordered. At a subsequent term the husband filed a motion for a modification of the decree, praying that the allowance of alimony be annulled and that he be awarded the custody of the children. Whereupon the wife filed a motion for temporary alimony with which to make her defense. The court made an allowance of temporary alimony, but on motion subsequently set same aside on the grounds that it had no power under the statutes to make an allowance for temporary alimony at this stage of the proceedings. From the order setting aside the allowance the wife appealed. *Held,* that the appeal would lie and was not premature and *held further*, that the court had the power to make the allowance for the temporary alimony.

2. ———: ———: ———: Awarding Temporary Alimony After Decree. A divorce suit is still pending after judgment, so as to permit the trial court under the statute (Revised Statutes 1909, section 2375), to award the wife temporary alimony for the purpose of preparing her defense to a motion filed by the husband for a modification of the decree relating to the payment of alimony and the custody of the children.

3. **APPEAL AND ERROR: Appeal From Special Order After Final Judgment: Divorce: Alimony.** An appeal will lie from an order of the court granting or refusing temporary alimony after final judgment for divorce in a proceeding to modify the decree as to the custody of the children or the payment of alimony. Such order of the court would be a special order after final judgment within the meaning of section 2038, Revised Statutes 1899, providing for the allowance of appeal.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*Pearce, Davis & Curlee* for appellant.

(1) The statute, declaratory of the common law, provides that alimony, *pendente lite,* may be allowed, "pending the suit for divorce." R. S. 1899, sec. 2926; McDonald v. Wagner, 5 Mo. App. 56; Long v. Long, 78 Mo. App. 32. (2) The specific question as to the allowance of alimony and suit money in supplementary proceedings after final decree of divorce, has never been decided in Missouri. Elsewhere under statutes similar to ours it has been decided that such an allowance is legal and proper. Stillman v. Stillman, 99 Ill. 196; Czarra v. Czarra, 128 Ill. App. 430; Helden v. Helden, 11 Wis. 554; Blake v. Blake, 70 Wis. 238; Helden v. Helden, 9 Wis. 557; Donnelly v. Donnelly, 63 How. Pr. 481. (3) In principle, such doctrine has the support of Missouri authorities, on questions of similar import. The Missouri courts have declared in determination of the question of the allowance of suit money for the defense and prosecution of appeal, after final decree of divorce below, that the wife is entitled to "alimony and suit money as long as the litigation continues." State ex rel. v. Sedden, 93 Mo. 522; Rosenfeld v. Rosenfeld, 63 Mo. App. 412; State ex rel. v. Court of Appeals, 99 Mo. 216; Viertel v. Viertel,

99 Mo. App. 717; Blanckenmeister v. Blanckenmeister, 106 Mo. App. 390; Marx v. Marx, 94 Mo. App. 174; Mahn v. Mahn, 70 Mo. App. 343. (4) A supplemental proceeding for modification of a final decree, is a continuation of the original cause of action. Cole v. Cole, 89 Mo. App. 228. (5) The statute expressly reserves to the court, notwithstanding the final decree, the continuing jurisdiction to hear and determine important questions, which are essential questions in the original proceedings of divorce, i. e., custody of the children and alimony. The jurisdiction to hear and determine questions of wife's suit money for the prosecution or defense of such continued proceedings, follows as an incident. R. S. 1899, sec. 2932.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for respondent.

(1) No appeal will lie from the decision of the circuit court sustaining respondent's motion to vacate the order allowing appellant suit money or alimony *pendente lite,* because the order is not a special one and the appeal herein should be dismissed. R. S. 1909, sec. 3038. (2) Under the statute the wife is allowed suit money solely and only for the purpose of prosecuting or defending a suit for divorce. The proceeding is statutory and the statute does not expressly allow suit money after the final decree of divorce. Water v. Water, 49 Mo. 385; Isbell v. Weis, 60 Mo. App. 54. (3) The obligation to maintain the wife exists by virtue of the marital relation and when the bond is severed the obligation is no longer one created by reason of the marital relation, but exists if at all on account of the final judgment of the court.

COX, J.—On the 13th day of May, 1907, a decree of divorce was rendered in the circuit court of the city

of St. Louis in favor of the plaintiff and against defendant, and in this decree the custody of two minor children was awarded to plaintiff until the court should further order, and defendant was required to pay to plaintiff seventy-five dollars per month as alimony until otherwise ordered by the court. On December 7, 1908, defendant filed his motion for a modification of the decree in which he asked that the allowance for alimony be annulled and that the custody of the children be taken from plaintiff and be awarded to him. Plaintiff filed an answer to defendant's motion on September 24, 1909, and on the same day filed a motion for temporary alimony in order that she might employ counsel and conduct her defense to the application of defendant for a modification of the decree. The court, on October 29, 1909, sustained said motion and made an allowance of one hundred dollars for attorney's fee and required defendant to deposit fifty dollars as security for costs. Defendant afterwards filed a motion to set aside this order allowing plaintiff temporary alimony upon the ground that the court had no power under the statute to make an order for temporary alimony in this proceeding. The court sustained this motion presumably upon the ground alleged therein, and set the order allowing the temporary alimony aside, and from that order the plaintiff has appealed.

It is now suggested that this appeal was prematurely taken for the reason that no appeal will lie from the order of the court granting or refusing temporary alimony in a proceeding after final judgment for divorce to modify the decree as to the custody of the children, or the payment of alimony. A decision of this question rests upon the construction to be given the clause in the statute authorizing appeals. Revised Statute 1909, section 2038, as follows: "From any special order after final judgment in the cause." In the cases in which the right of appeal has been sus-

tained or recognized under this clause we find no discussion of the meaning of this clause, and no rule laid down by which to determine when an appeal will lie under this provision. [State ex rel. v. Walker, 85 Mo. App. 247, 251; Young v. Thrasher, 61 Mo. App. 413; St. L., K. & N. W. R. R. Co. v. Clark, 119 Mo. 357, 363, 24 S. W. 157; McAnaw v. Matthis, 129 Mo. 142, 31 S. W. 142.]

The order of the court in this case setting aside the former order allowing alimony *pendente lite* was final as to that matter, and trial of the issues raised by the motion of defendant to modify the decree, and plaintiff's answer thereto, could in no way affect this order as to suit money. Had the case proceeded to final determination upon these issues, and had they all been decided in plaintiff's favor she could not have appealed from that judgment because it was in her favor, and, therefore, if she could not appeal from the order made on her application for suit money she would, in that case, be remediless, and the right to have the trial court's action as to that matter reviewed would depend upon whether or not final judgment went in her favor, or against her. Had the case proceeded to final judgment on the issues raised and been decided adversely to plaintiff there is no question that she could have appealed and could in that appeal have had the trial court's action on this preliminary motion reviewed, and it would be an anomaly to say that the right of appeal from the court's action on this motion was dependent upon the court's action on the merits of the controversy when there was no connection between the two. As far as the motion for temporary alimony was concerned, the court's action thereon was final, and, hence, the order of the court was a special order from which an appeal would lie within the meaning of the statute aforesaid. The principle here announced

is supported in State ex rel. Gercke v. Seddon, 93 Mo. 520, and Adams v. Adams, 49 Mo. App. 592.

The important question to determine upon this appeal is did the court have the power to allow temporary alimony to plaintiff to enable her to conduct her defense, to defendant's motion to modify the decree. The language of the statute, section 2375, Revised Statutes 1909, relating to this matter is as follows: ''The court on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases.''

The court is, by this provision, clearly empowered to grant to the wife alimony ''pending the suit for divorce.'' As long as the suit for divorce is pending the court may, at any time, decree temporary alimony, and, hence, when we have determined whether or not the divorce suit was pending at the time the order was made in this case we have settled the question now before us. The purpose of the statute in permitting the court to decree alimony, either temporary or permanent, is for the benefit of the wife and children, and also the public at large. It, therefore, wisely grants to the court power to compel the husband to discharge the duty he owes to his family, and to society, by making proper provision for their support. Temporary alimony for this purpose may, therefore, be allowed pending the suit, and for the further purpose of placing the wife in a position to have presented to the court her view of the case. In proceedings to modify the decree of divorce as to the custody and support of the children the public have an interest as well as the parents of the children, and it is important that the court

have before it all the facts in order that a just and proper disposition may be made of the controversy, and the public good be subserved thereby. To deny to the wife that support which is necessary to enable her to present her side of the controversy to the court would be to cripple the efficiency of the courts in dealing with this most important and delicate matter. Upon the ground of public policy it has been provided that as far as the divorce alone is concerned there can be no review of the court's action after the adjournment of the term. Revised Statutes 1909, section 2381, and for a like reason the decree in so far as it affects the alimony of the wife and the custody of the children is never final, but it is subject to change or modification at any time, and it may be just as necessary that temporary alimony be allowed in a subsequent proceeding of this character as in the trial of the question of divorce. The policy of the law and the purposes to be attained by granting to the court power to decree temporary alimony are strongly in favor of that construction of the statute which will continue the power as long as the interests of the parties and the public good require its exercise.

It has been held in passing upon the power of the court to grant a change of venue in a proceeding of this character that it was a continuation of the original action for a divorce and not a new action, and for that reason the change of venue could not be granted in such a proceeding. [Cole v. Cole, 89 Mo. App. 228.] If it is a continuation of the divorce suit, then, of course, for these purposes the suit is still pending.

This question is generally regulated by statute, and it is usual to allow suit money in proceedings to alter the decree as to alimony and custody of the children. [14 Cyc., page 761.]

Under somewhat similar statutes the allowance of suit money in proceedings of this character has been

upheld in other states. [O.'Brien v. O.'Brien (Neb.), 27 N. W. 640; Chambers v. Chambers (Neb.), 106 N. W. 993; Helden v. Helden, 11 Wis. 554; Blake v. Blake, 70 Wis. 238; Stillman v. Stillman, 99 Ill. 196; 39 American Decisions, 21.]

Again: The very purpose of this proceeding is to modify and change the judgment rendered at the time the divorce was granted. If that suit was no longer pending no change in the decree could be made after the adjournment of the term; hence, the provision of the statute which authorized the court upon application of either party after adjournment of the term to modify the decree, of necessity, continues jurisdiction in the court over the decree for the purposes mentioned, and for those purposes the divorce suit was still pending when the court made the order in this case, and the court did have the power to make it, and, hence, its action in setting aside the order of allowance upon the ground that no authority existed to make it was erroneous. The judgment will be reversed and the cause remanded. All concur.