## CLARK v. STATE. (6 Div. 607.)

(Supreme Court of Alabama. Jan. 13, 1927.)

1. Criminal law ⬅1091(10) — Overruling of motion for new trial is not reviewable, where bill of exceptions fails to disclose that any exception was reserved.

Overruling of motion for new trial is not reviewable, where bill of exceptions makes no mention of such motion, or any ruling thereon, or exception thereto.

2. Homicide ⬅300(14)—Self-defense instruction, not requiring real or apparent danger to life or limb of defendant, held properly refused.

In murder case, instruction that defendant had right to strike in self-defense, even to slay deceased, if he could not retreat without increasing danger, held properly refused, since it ignored doctrine that there must have been real or apparent danger to life or limb.

3. Homicide ⬅300(6)—Charge that fact that deceased was armed should shed light on who was aggressor held properly refused as singling out evidence.

In murder case, charge that deceased was armed and that such fact should shed light on who was aggressor held properly refused since it singled out and gave undue prominence to one feature of evidence.

4. Homicide ⬅151(3)—In murder case, question as to who was aggressor is to be ascertained as fact, and not by presumption (Code 1923, § 4456).

In prosecution for murder, question as to who was aggressor is to be ascertained as fact from evidence, and not by presumption of law, notwithstanding Code 1923, § 4456.

5. Homicide ⬅118(3)—Rule as to retreat, applicable to domicile, should not extend to where accused was in automobile.

In murder case, charge that defendant was under no duty to retreat from his automobile, if he was free from fault in bringing on difficulty, held properly refused, since such rule, though applicable to domicile, should not be extended to automobile used for transportation.

6. Homicide ⬅193—In murder case, witness' testimony that he saw officer take cartridges from deceased's pistol and that there was dust in barrel held competent.

In murder case, where question whether deceased shot at defendant was disputed issue, evidence that witness saw deceased's pistol opened by officer, that 6 cartridges were taken out, and that barrel had dust in it, held competent.

7. Criminal law ⬅675—In murder case, cumulative testimony tending to show that deceased had not fired pistol held not reversible error.

In murder case, where question whether deceased shot at defendant was disputed issue, admission of evidence that witness saw deceased's pistol opened by officer, that six cartridges were taken out, and that barrel had dust in it, held not reversible error, where it was but cumulative of what he had previously testified to without objection.

8. Criminal law ⬅1170½(5)—Cross-examination, calling answer favorable to defendant, if error, held not prejudicial.

Cross-examination of defendant's witness, calling answer favorable to him, if error, held not prejudicial.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Post, p. 174.

**9. Homicide ☞192—Allowing witness to say whether deceased was in position to be shot in back held not abuse of discretion.**

In murder case, allowing cross-examination of defendant's witness as to whether deceased was ever in position to be shot in back *held* not abuse of discretion.

Appeal from Circuit Court, Jefferson County; S. F. Hobbs, Judge.

Clarence Clark was convicted of murder in the second degree, and he appeals. Affirmed.

These charges were refused to the defendant:

"(7) I charge you that even though you believe from the evidence that the defendant was not free from fault in bringing on the difficulty, yet if you believe further, from the evidence, that after the difficulty arose, the defendant in good faith sought to retreat from the scene of the homicide, then the defendant had a right to strike in defense of himself, even to slaying the deceased, provided you further believe from the evidence that the defendant could not, at the time of the fatal blow, have retreated without increasing the danger of his life or limb.

"(11) Under the undisputed evidence in this case, in the beginning of the difficulty which resulted in the homicide, the deceased was armed with a deadly weapon, while the defendant was unarmed, and I charge you that you should look to this fact under the circumstances in this case, as shedding light on who was the aggressor.

"(12) I charge you that, under the law of Alabama, the defendant was under no duty to retreat from his automobile, provided he was free from fault in bringing on the difficulty."

Beddow & Ray, of Birmingham for appellant.

Where the preponderance of the evidence is so decided as to involve the conviction that it is wrong, the court should exercise its power to grant a new trial. Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649. Refused charge 11 correctly states the law. Code 1923, § 4456. Objection should have been sustained to the question whether deceased ever got his body in a position towards defendant, during the time defendant was shooting at him, where defendant could have shot him in the back. Humber v. State, 19 Ala. App. 451, 99 So. 68.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The trial court's refusal of the motion for a new trial is not properly presented for review. Martin v. State, post, p. 160, 113 So. 602; Ex parte Grace, 213 Ala. 550, 105 So. 707; Akin v. Chancy, 207 Ala. 523, 93 So. 408; Stover v. State, 204 Ala. 311, 85 So. 393. Refused charge 7 ignores the doc-trine that defendant must have been confronted with real or apparent danger to life or limb. 8 Michie's Ala. Dig. 369.

GARDNER, J. The appeal is from a judgment of conviction of murder in the second degree, with punishment fixed at 50 years' imprisonment.

The evidence for the state tended to show that deceased, Morgan, was killed under circumstances constituting murder in the first degree, while that of the defendant tended to establish the theory that the shooting was in self-defense.

[1] The argument of counsel for appellant is first directed to the action of the court in overruling defendant's motion for a new trial and the several grounds thereof. The state insists, however, that the matters presented in said motion are not here reviewable for the reason that the bill of exceptions fails to disclose that any exception was reserved to any ruling thereon, citing Ex parte Grace, 213 Ala. 550, 105 So. 707; Stover v. State, 204 Ala. 311, 85 So. 393; Akin v. Chancy Bros., 207 Ala. 523, 93 So. 408, among other authorities. The point is well taken. The bill of exceptions in the present case makes no mention of the motion for a new trial, any ruling thereon, or exception thereto. The rule, as stated in the foregoing authorities and as now well established, was vigorously applied in the recent case of Ex parte State, In re Martin v. State, 113 So. 602.[1] The ruling on the motion for a new trial therefore is not here reviewable.

Charge 1, refused to the defendant, is the affirmative charge, and needs no discussion.

[2] Refused charge 7 ignores the doctrine that defendant must have been confronted by real or apparent danger to life or limb, and was properly refused. 8 Mich. Dig. p. 369.

[3, 4] Charge 11, refused to defendant, singles out and gives undue prominence to one particular feature of the evidence, and was calculated to mislead the jury to the belief that the sole fact of a pistol being on the person of deceased was sufficient to constitute said deceased the aggressor, notwithstanding the evidence for the state tending to show that he was acting innocently as a peacemaker, intervening for that purpose only, and with no hostile demonstrations towards defendant. Indeed, the argument of counsel for appellant is to such effect and is rested largely upon section 4456, Code of 1923, which we are asked to construe as justifying such theory. The language of said section and the connection in which it is used very clearly demonstrates to our mind that it is not reasonably susceptible of such construction. The question

as to who is the aggressor is to be ascertained as a fact from the evidence, and not by reason of a presumption of law. The charge was properly refused.

[5] Defendant's car was used as a means of transportation, and not as his domicile. Refused charge 12 would apply to the defendant's automobile the same rule as to freedom from duty to retreat as is applicable to his home. Manifestly, the rule, under these circumstances, is not to be so extended, and the charge was properly refused.

[6, 7] Witness Rice was a brother-in-law of deceased, and was with him at the time he was shot and immediately thereafter. He assisted him in the house and saw deceased lay his pistol on the bed. At that time no one else was present, and no one came into the room. Witness then went to the hospital where deceased was carried, and states that, when he "got back from the hospital a short time after that, the pistol Morgan laid down on the bed was loaded, all around." He did not remember when was the next time he saw the pistol, whether that night or next morning, but when he came back "the pistol was lying where he [deceased] laid it." He saw the officers break the pistol and at that time its position had not been changed from what it was when deceased laid it down on the bed. The witness was then permitted to testify, over defendant's objection, that upon the pistol being opened by the officer in his presence he saw six cartridges taken therefrom and that he looked into the barrel, and it had dust in it. There was no reversible error in the admission of this testimony. It was but cumulative of what the witness had previously testified to, in substance, without objection. The evidence was sufficient from which could be drawn a reasonable inference that the pistol was in the same place, and in the same condition as when deceased went into the house and left it on the bed. As to whether the deceased fired at defendant was a disputed issue of fact, and the evidence was competent under the circumstances here shown.

[8, 9] Defendant's witness Stillman testified in support of the theory of self-defense. As to whether or not deceased was shot in the back, the evidence is in conflict. On cross-examination of this witness by the state he was asked if deceased "ever got his body in position toward defendant, during the time defendant was shooting at him, where defendant could have shot him in the back." Defendant objected upon the ground that it called for a conclusion of the witness, which objection was overruled. The witness answered in the negative. The answer was favorable to the defendant and, of course, could result in no injury; but the question, on cross-examination, at least, comes clearly within the exercise of sound judicial discretion of the trial court. No error here appears.

We have considered the several rulings deemed of sufficient importance by appellant's counsel to be argued, but mindful of our duty in cases of this character, the record has been carefully examined for any errors apparent therein. The few remaining questions not argued have been considered and found not of sufficient importance for discussion or separate treatment.

Finding no reversible error in the record, the judgment of conviction will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

