RICHARDS v. STATE.  (1 Div. 495.)

Supreme Court of Alabama.  Jan. 31, 1929.

a correct statement of the law, in that the actual belief in his danger must have been based upon such appearances as to cause a reasonable man to entertain belief, and it was honestly entertained by him. Davis v. State, 214 Ala. 273 (14), 107 So. 737; Griffin v. State, 165 Ala. 29, 45, 50 So. 962; Clark v. State, 216 Ala. 7, 111 So. 227; Prince v. State, 215 Ala. 276 (7), 110 So. 407.

We have considered all the exceptions noted, and all the proceedings, and find no error any where in the record.

The case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

BROWN, J., not sitting.

(120 So. 149)

**HOLT v. FOUNTAIN et al.   (1 Div. 483.)**

Supreme Court of Alabama.   Jan. 31, 1929.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

FOSTER, J.  The defendant was indicted, tried and convicted for murder in the first degree, and sentenced to execution.

When the jury was being qualified, several jurors, in answer to an inquiry from the court, stated that they would not bring in a verdict for capital punishment on circumstantial evidence. Thereupon the solicitor challenged them each separately for cause. Defendant objected in each instance, the court overruled each objection and excused the jurors. By section 8612 it is a good ground for challenge by the state, if the person has a fixed opinion against capital or penitentiary punishment, or thinks that a conviction should not be had on circumstantial evidence; and this may be proved by the oath of the person. This section of the Code is justification for the ruling, and there was no error here. An examination of the record shows an orderly trial according to law. The oral charge fairly stated the principles of law applicable. The charge given at the instance of the state was nothing more than is authorized and directed by section 9509 of the Code.

Charge 22 denied to appellant was not