JAMES W. AULD, APPELLEE, V. JESSICA C. AULD, APPELLEE: STEWART, STEWART & WHITWORTH, APPELLANTS.

FILED FEBRUARY 11, 1932. No. 28072.

*Stewart, Stewart & Whitworth, pro se.*

*Bernard McNeny, J. S. Gilham* and *L. A. Sprague, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

THOMSEN, District Judge.

This is an appeal from an order of the district court striking from the files an application for allowance of attorneys' fees in a divorce action. Appellants were consulted and employed by the wife June 25, 1930. No action was begun until the husband filed a petition September 24, 1930. September 30, pursuant to a letter from appellants, the clerk of the court entered on the record appellants' appearance as attorneys for defendant. No pleading on behalf of their client was ever filed by them. Five days later the wife notified appellants that she had concluded to hire other attorneys. Later such other attorneys filed on behalf of the wife a motion to the petition and an application for allowance *pendente lite*. On this application the wife was allowed alimony and fees for her then attorneys by an order entered January 10, 1931. April 12, 1931, appellants filed their own application for fees. It was this application which, on motion of plaintiff's attorneys, was stricken.

Appellants claim to have rendered legal services to defendant from June 25, 1930, to October 5, 1930. The services are stated to have been in preparing for an action for divorce and alimony to be brought by the wife, in preparing to defend a threatened action if and when brought by the husband, and preparing all such litigation incidental to disposition of property rights valued at $500,-000. Appellants claim various members of their firm spent 43 days' time in this work. Though offered to the wife, no use of the fruits of their labors was ever made. She paid them $100. They ask for $1,700 more from the husband.

Do these facts entitle appellants to fees from the husband? By the weight of authority the law recognizes no right to bind a husband to pay fees to a wife's attorney in the absence of a contract with him or a statute creating such right. 25 A. L. R. 354; 42 A. L. R. 315. The Nebraska statute creates such right, but the allowance is to the wife to enable her "to carry on or defend the suit during its pendency." Comp. St. 1929, sec. 42-308. The

husband is not liable directly to the attorney for any services rendered. *Zent v. Sullivan,* 47 Wash. 315, 13 L. R. A. n. s. 244; *Yeiser v. Lowe,* 50 Neb. 310; *Burnham v. Tizard,* 31 Neb. 781. The allowance is only for the purpose expressed. If the wife has property of her own so that without such allowance this purpose can be accomplished, the reason and necessity for this allowance disappears, and, ordinarily, in that event she must look to her own purse to pay her attorney. *Wilkins v. Wilkins,* 84 Neb. 206. She may, however, contract and bind herself to pay fees. *Tyler v. Winder,* 89 Neb. 409. But the marriage relationship does not create an agency by which her husband can be bound. It is upon the wife's request that an allowance is considered. We find no authority under our law to compel the husband to pay fees to an attorney on the attorney's own application. The right created for the wife's benefit being statutory, decisions from other jurisdictions having different statutes are of no value.

Here the wife has made no application for allowance to these attorneys, nor on her behalf have these attorneys set the wheels of justice in operation for her. If the processes of the court had for her been set in motion by them, a definite interest in the suit would have been established and no action of the wife would then have deprived the attorneys of a hearing for fees on an application which she may have made. *Kiddle v. Kiddle,* 90 Neb. 248. We take it as essential that some pleading or application by the wife must first be filed before the court can be justified in entertaining allowances for her counsel. Our statute gives a married woman independent rights. Comp. St. 1929, sec. 42-202. She may choose as counsel whom she will, and the burden of fees is her own concern; it does not become the concern of the husband without the intervention of the court and then only upon her application for the purpose of enabling her "to carry on or defend the suit during its pendency." Neither such application nor purpose is shown in the record. On the other hand, the wife has attached no value to appellants' work; it has not

enabled the wife to carry on or defend the suit. Appellants probably well performed the tasks at which they were set by the wife and for this she may be personally liable, but if she decides to reject the results before the court is called upon to act for her the husband is not bound. Furthermore, it may well be doubted whether any allowance could properly be considered for such services as appellants claim to have performed preceding the beginning of the suit (19 C. J. 233), but this we are not called upon to decide. Under the circumstances the motion to strike the appellants' application for fees was properly sustained.

The appellants further claim that the court could not sustain the motion to strike appellants' application for fees, because they had already entered their appearance as attorneys for the defendant, and as a consequence thereof they were presumed under the law to be acting for her; and that because of this presumption the burden was upon the one who asserted the contrary to establish that fact by evidence, citing as authority *Curtice Co. v. Estate of Jones,* 111 Neb. 166; *Jordan v. Evans,* 99 Neb. 666; and *In re Gasser,* 104 Fed. 537. The rule is correct, and, strictly as a legal proposition, if the record had been devoid of other facts the trial court may have consistently overruled the motion. However, such presumption disappears when evidence on the subject appears, and appellants' own showing is that no pleading or application was filed on their client's behalf, and that they were discharged by her on October 5, 1930; and the record further shows that other attorneys acted for her, performed services, filed a pleading and an application, and that on such application the court made an allowance for alimony and fees. When the record shows facts to the contrary, such presumption has no application. *First Nat. Bank of Elgin v. Adams,* 82 Neb. 801; *Eggeling v. Chicago, R. I. & P. R. Co.,* 119 Neb. 229; *Lincoln v. French,* 105 U. S. 614; *Peters v. Lohr,* 24 S. Dak. 605, 609; 22 C. J. 124; 1 Elliott, Evidence, secs. 91-93; 5 Wigmore, Evidence (2d ed.) secs. 2490, 2491.

Thus the merits of the controversy were properly before the court on a motion to strike.

The action of the trial court in striking appellants' application from the files is correct and is

AFFIRMED.