WALLACE FLEMING, Appellant, *v.* JANE COOPER
FLEMING, Respondent

No. 3199

November 5, 1937.                    72 P. (2d) 1110.

*Platt & Sinai,* for Appellant:

*Thatcher & Woodburn,* for Respondent:

**OPINION**

By the Court, TABER, J.:

In February 1933, respondent was granted a decree of divorce from appellant in the Second judicial district court, Washoe County. The decree awarded the custody of the minor child, David Wallace Fleming, in accordance with the provisions of an agreement entered into by the parents on December 5, 1932. Jurisdiction was reserved to enter further and different orders relative to the custody of said minor child.

In October 1935 Mrs. Fleming noticed a motion for an order awarding her the exclusive custody of said child. This motion was contested by Mr. Fleming, and after a hearing thereon the district court, on February 21, 1936, made an order granting the exclusive custody of the child to the mother. In this order the court, of its own motion, incorporated the following paragraph: "4. It is further ordered, adjudged and decreed that the defendant shall, within thirty (30) days after service upon him of the statement of plaintiff's expenses and disbursements, reimburse the plaintiff for all sums of money which she may have expended, or have obligated herself to expend, for any purpose, in the preparation and presentation of her said motion herein to change and modify the original decree; and that the said plaintiff shall have up to and including the twentieth day of March, 1936, in which to file and serve a statement of said expenses and disbursements. The Court reserves jurisdiction to determine its right to make allowances for attorneys' fees in the prosecution of plaintiff's motion and the amount of said allowances." The court also reserved jurisdiction to enter further and different orders relative to the custody of said child.

In March 1936 the father noticed a motion for an order striking the above-quoted paragraph from said order of February 21, 1936. After hearing this motion the court, on October 19, 1936, ordered said paragraph 4 stricken, on the ground that the order did not provide for notice to the defendant to try or contest the allowances for plaintiff's expenses. In this order of October 19 the court added the following: "that the plaintiff may renew her application for expenses incurred in the presentation and hearing of the motion to modify the decree, and for attorneys' fees, on giving to the defendant and his attorneys statutory notice for the hearing of the application." It is from the foregoing quoted part of said order that defendant has appealed, his contention being that it was against, and not authorized by, the law.

At no time did plaintiff make application for any expenses, witness' fees, or attorneys' fees, nor did she at any time even suggest to the court that any allowances be made for such expenses or fees. The only conclusion we can arrive at with regard to this matter is that the district court, after hearing plaintiff's motion and considering defendant's conduct and the respective financial circumstances of the parties, felt that, in justice, her expenses and attorneys' fees should be paid by defendant, and for that reason made and entered that part of the order from which defendant has appealed.

The provision granting leave to plaintiff to renew her application for expenses and attorneys' fees relates to expenses incurred and services performed in the past, not to expenses to be incurred or services to be performed after the making of the order.

In the record on appeal we find a stipulation signed by counsel for the respective parties, dated May 24, 1937, and filed July 26, 1937, reading in part as follows: "It is further stipulated that it may be considered on the hearing of this matter, and as a part of the Record on Appeal, that the testimony in the Lower Court established that the defendant and appellant, at the time of

the hearing, was of the financial worth of approximately Two Hundred Thousand Dollars ($200,000.00), and that the plaintiff and respondent had a monthly income of Two Hundred Dollars ($200.00) and owned no other property; but that the respondent was and had been living at the home of an aunt in California who had considerable means and who had been and was, up to the conclusion of the hearing herein, financially assisting the respondent." We do not understand counsel for respondent as contending that the testimony referred to in the foregoing stipulation was offered or given in connection with any application for expenses, witness' fees, suit money, or attorneys' fees, or in connection with any suggestion that such allowances be made.

The agreement of December 5, 1932, mentioned in the first paragraph of this opinion, settled "all property rights" as well as the custody and support of the minor child; and plaintiff, in her complaint for divorce, alleged that said agreement was in all respects just, fair, reasonable, and equitable.

Section 24 of the marriage and divorce act of 1861 (section 9462 N. C. L. 1929) provides, in part, as follows: "The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; * * * provided, the court, upon good cause shown, may change the custody of such minor children, if they [sic] should be satisfied that such change will be for the welfare of such children."

The following provision is included in section 26 of said act of 1861 (section 9464 N. C. L. 1929): "the proceedings, pleadings, and practice, shall conform to those at law, as nearly as conveniently may be, but all preliminary and final orders may be in such form as will best effect the object of this act, and produce substantial justice."

The last part of section 27 of said marriage and divorce act, as amended, Stats. 1915, p. 324 (section

9465 N. C. L. 1929), reads as follows: "In any suit for divorce now pending, or which may hereafter be commenced, the court or judge may, in its discretion, upon application, of which due notice shall have been given to the husband or his attorney, at any time after the filing of the complaint, require the husband to pay such sums as may be necessary to enable the wife to carry on or defend such suit, and for her support and for the support of the children of the parties during the pendency of such suit; and the court or judge may direct the application of specific property of the husband to such object, and may also direct the payment to the wife for such purpose of any sum or sums that may be due and owing the husband from any quarter, and may enforce all orders made in this behalf as provided in section 24 of this act."

■ Appellant contends that after the decree of divorce was entered the divorce suit was no longer pending. While there is considerable authority for this position, we think the better rule is that even after entry of a divorce decree the suit remains pending for some purposes, including modifications as to custody of minor children. Smith v. Smith, 151 Mo. App. 649, 132 S. W. 312; Lamborn v. Lamborn, 190 Cal. 794; 214 P. 862; Jacobs v. Jacobs, 68 Cal. App. 725, 230 P. 209.

■ Where the welfare of a minor child is involved, the trial court has a continuing jurisdiction under certain conditions to modify the decree. Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227; Vilas v. Vilas, 184 Ark. 352, 42 S. W. (2d) 379; Chambers v. Chambers, 75 Neb. 350, 106 N. W. 993; Haagen v. Haagen (Mo. App.), 11 S. W. (2d) 757; Mayes v. Mayes (Mo. App.), 104 S. W. (2d) 1019.

■■ That plaintiff and defendant are no longer husband and wife after entry of the divorce decree does not deprive the trial court of jurisdiction to modify the decree as to custody of children, and in other particulars. Lamborn v. Lamborn, supra; Moore v. Gosbey, 130 Cal. App. 70, 19 P. (2d) 995. There are many other

cases to the same effect, though there are some to the contrary. It may be observed here that there is a sharp conflict in the authorities on every important question presented on this appeal. Conflicts of authority are sometimes more apparent than real, especially where there are differences in the statutes of various jurisdictions relating to the matter under consideration; but the divergent views of the courts concerning the issues of law presented on this appeal can be but partially reconciled on the basis of difference in statutory provisions. There is a real conflict in the opinions of many of the courts concerning these questions.

■ It is our opinion that on petition for modification of a divorce decree as to custody of children the trial court, under certain conditions and circumstances, can lawfully require the former husband to pay reasonable sums for suit money and attorney's fees to the former wife. Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717; Gifford v. Gifford, 50 Idaho 517, 297 P. 1100; Hipple v. Hipple, 128 Kan. 406, 278 P. 33; Chambers v. Chambers, supra; Tinker v. Tinker, 144 Okl. 94, 290 P. 187; Spratt v. Spratt, supra; Vilas v. Vilas, supra; Kaplun v. Kaplun (Mo. App.), 227 S. W. 894; Smith v. Smith, supra. Contra to the foregoing rule are cases in Washington, Iowa, and a few other jurisdictions.

■ Notwithstanding the views hereinbefore expressed, it is the opinion of the court that the part of the order appealed from was unauthorized by law. We base this conclusion chiefly upon the following considerations: It does not appear from the record that plaintiff was in such necessitous circumstances as to require the proposed allowances; the proposed allowances are for expenses incurred and attorneys' services performed in the past, not for expenses and services to be incurred and performed after the making of the order; no application was made at any time for any allowances; there is no showing that the minor child's welfare will be adversely affected if the proposed allowances be not made.

■ It is the general rule that the wife's necessity is a prerequisite to allowances of suit money or attorneys' fees. Black v. Black, 47 Nev. 346, 221 P. 239; Effinger v. Effinger, 48 Nev. 205, 228 P. 615, 239 P. 801; Albrecht v. Albrecht, 83 Mont. 37, 269 P. 158; 19 C. J. 214. The stipulation mentioned earlier in this opinion shows that defendant, since the divorce decree, inherited a large sum of money, resulting in his being in much better financial circumstances than plaintiff. There is nothing in the record to show that this change in defendant's financial condition was not known to plaintiff when she made her motion for modification of the decree as to custody of the minor child. Nor does the improvement in defendant's financial condition alter the fact that plaintiff was able to and did present her motion for modification of the decree, and that she obtained all the relief she prayed for, namely, the exclusive custody of the minor child.

■ It is also a general rule that suit money and attorneys' fees will be allowed only for expenses to be incurred and attorneys' services to be performed in the future, not for those incurred and performed in the past. Dixon v. Dixon, 216 Cal. 440, 14 P. (2d) 497; Smith v. Superior Court, 89 Cal. App. 177, 264 P. 573; Bordeaux v. Bordeaux, 29 Mont. 478, 75 P. 359; 19 C. J. 233–234. And see Wilde v. Wilde, 2 Nev. 306. We are aware that suit money and attorneys' fees have been allowed in some cases for past expenses incurred and attorneys' services performed. Taylor v. Taylor, 33 Idaho 445, 196 P. 211; Gedney v. Gedney, 117 Fla. 686, 158 So. 288; Clark v. State, 216 Ala. 7, 111 So. 227. But the circumstances in the case at bar are not such as to justify a departure from the general rule.

■ Ordinarily, in divorce cases, allowances of suit money and attorneys' fees will be made only upon application. Buehler v. Buehler, 38 Nev. 500, 151 P. 44; Auld v. Auld, 122 Neb. 576, 240 N. W. 756. The situation presented in the instant case would not, in the opinion of this court, authorize the granting of such

allowances without application made prior to the final disposition of the motion.

The part of the order of October 19, 1936, appealed from by defendant is reversed. Each party will pay her and his own costs, respectively, on this appeal.